**LIDDELL et al. v. GORDON. (No. 2336.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1920.)

**1. Tenancy in common ⚷⟿15(11)—Giving of crop mortgages not necessarily conclusive of adverse possession.**

The giving of crop mortgages by one in possession of land is not necessarily conclusive that he held the same adversely to others having an interest therein, but the question of adverse possession is for the jury.

**2. Tenancy in common ⚷⟿15(11) — Whether adverse title had been acquired held for the jury.**

In trespass to try title, brought by several of the grandchildren of the original owner, who were entitled at most to a half interest, the question whether another heir entitled to a half interest and his successors had claimed the land adversely for a sufficient period to ripen into title *held*, under the evidence, for the jury, so that it was error for the court to direct that an adverse title was established.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Trespass to try title by Solomon Liddell and others against J. A. Gordon. From a judgment for defendant, plaintiffs appeal. Reversed and cause remanded.

The appellants brought the suit against the appellee in trespass to try title to and for partition of 66 acres of land of the J. K. Howard survey. The plaintiffs alleged that they owned one half and the defendants owned one half undivided interest in the land. The defendant pleaded not guilty and the three, five and ten years' statutes of limitation to all the land. The court peremptorily instructed the jury as follows:

"Aside from any title that defendant may hold through George Liddell as an heir of Reuben Liddell, or under the deed in controversy from Lucindy Liddell, the undisputed evidence shows that he had title to the land in controversy under the statutes of limitation. You will therefor find for the defendant."

Judgment was entered for the defendant. It was agreed in the case:

"That there is a regular chain of title to the premises in suit from the state of Texas down to Reuben Liddell and wife, Lucindy, and that Reuben Liddell and wife, Lucindy, shall be considered the common source of title for both the plaintiffs and the defendant."

Reuben Liddell died about 30 years, and his wife about 12 or 13 years, before the suit was filed on April 11, 1919. Reuben and Lucindy had two children, Charley and Cynthia. Charley died 28 years ago, leaving surviving him five children, who are the plaintiffs in this suit. Cynthia died leaving surviving her a son, George W. Liddell. George W. Liddell is not a party to the suit.

The appellants rely upon this proof of heirship to recover a one-half undivided interest in the land in suit.

The appellee, Gordon, introduced in evidence the following: (1) Warranty deed from George W. Liddell to Frank T. Gunn, dated March 8, 1905, recorded same day, describing all the land in suit; (2) warranty deed from Frank T. Gunn to George W. Liddell, dated February 15, 1910, recorded March 7, 1911, describing all the land in suit; (3) deed of trust by George W. Liddell to R. G. Patton, trustee of the American Freehold Land Mortgage Company, dated March 28, 1912, recorded same date, describing all the land in suit; (4) instrument by American Freehold Land Mortgage Company, by R. G. Patton, attorney in fact, to T. M. Scott, appointing T. M. Scott substitute trustee, dated February 21, 1916, recorded February 26, 1916, describing all the land in suit; (5) T. M. Scott, substitute trustee to D. H. Scott, trustee deed dated March 7, 1916, recorded same date, describing all the land in suit; (6) warranty deed from D. H. Scott to J. A. Gordon, dated March 7, 1916, recorded March 31, 1916, describing all the land in suit.

It was further shown by the defendant that the land in suit was assessed for taxes from 1884 to 1902 by Reuben and Lucindy Liddell; from 1903 to 1916 by George W. Liddell and Frank T. Gunn; from 1917 to 1919 by J. A. Gordon. And it was proven that all the taxes on the land from 1902 to 1919, when the suit was filed were paid. Frank T. Gunn, according to his testimony—

"bought the land from George W. Liddell on March 18, 1905, and kept the place until February 15, 1910, and then resold it to George Liddell. During the five years, lacking a few days, that I owned it I exercised exclusive control, use, and enjoyment of the place. I rented it to George Liddell, and I collected the rents on it as I did with all the other property I owned. During the time I owned I certainly did claim this property as mine. I paid the taxes on it, as the records show."

But the witness George W. Liddell testified:

"When I deed the place to Mr. Frank Gunn he told me that he would deed it back to me, but I don't know when he was to deed it back. * * * I never did sell to Gunn. * * * There was no change whatever in the place when I deed it to Gunn. I lived there on the place; stayed there all the time just like I always did, and controlled the land like I always did. I listed the land for taxes and paid the taxes all but one year. I paid the taxes on the place each year except one of the years that Mr. Gunn had it. I rendered it in my name all the time. * * * Before I made the deed to Gunn I did not claim the interest of those other parties in that land. I claimed that the old man (Reuben Liddell) bought the land for the family. I never did claim the interest of

these other parties (plaintiffs) in that land before the deed to Gunn was made. After the land was deed back to me again by Gunn I did not claim the interest that any of these plaintiffs had in it. I never did claim the interest in the land that these heirs had. I had a conversation with the other heirs before I made the deed to Gunn, about my remaining in possession of the land. I was to remain there and hold it for them and take care of the old lady. I told the other heirs before I made the deed to Gunn that they had a home there as long as they lived. I told them to come there whenever they got ready, and one or two of them came."

George W. Liddell gave crop mortgages on the land for some years. J. A. Gordon, defendant, has been in exclusive possession and use of the land since he purchased it.

Cownby & Allen, of Paris, for appellants.
Moore & Hardison, of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The evidence, as seen, is conflicting as to adverse possession of the land and as to payment of taxes. The witness Gunn says he bought the land from George W. Liddell and had exclusive possession and management and paid all taxes from March 8, 1905, to February 15, 1910, being about 20 days less than 5 years. But George W. Liddell denies that Frank Gunn was ever in actual possession of the place, or that the conveyance to him was intended to operate as a deed, and that Gunn paid the taxes thereon. And this same witness denies that he, either before the conveyance by him to Gunn or after the reconveyance to him by Gunn, ever had or exercised adverse possession or use of the land against the plaintiffs, but, on the contrary, expressly recognized their interest in the land. The giving of crop mortgages on the land is not necessarily conclusive of adverse possession. It is therefore believed that the court could not, as a matter of law, say that the defendant had title by adverse possession under either the 5 or 10 years' statute of limitation.

The assignment of error complaining of the peremptory instructions is sustained, and the judgment is reversed and the cause is remanded.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes