**LIDDELL et al. v. GORDON.** (No. 3016.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1925. Rehearing Denied March 19, 1925.)

1. **Tenancy in common** ⬯15(7, 8)—**Statute of limitations does not run against cotenant until latter has notice of adverse possession of other cotenant.**

The statute of limitations does not run against a cotenant until the latter has notice of the adverse possession of the other cotenant.

2. **Adverse possession** ⬯33—**Acts of notoriety in assertion of hostile claim affords predicate for presumption of notice to owner of adverse possession of another.**

Notice of adverse possession may be proved by such acts of notoriety in the assertion of a hostile claim that the owner will be presumed to have notice of such adverse right.

3. **Tenancy in common** ⬯15(10)—**Evidence held to warrant finding that tenants in common had notice of adverse possession and claim of cotenant and another.**

Evidence *held* to warrant finding that tenants in common had notice of the adverse possession and claim of a cotenant and another.

4. **Tenancy in common** ⬯15(10)—**Cotenant's mortgages on crops held properly admitted to show notice by tenants of adverse possession and claim of cotenant.**

Cotenant's mortgages on crops *held* properly admitted on issue of possession and notice by tenants of adverse possession and claim of such cotenant.

5. **Trial** ⬯194(10)—**Instruction held not on weight of evidence.**

Instruction, on issue whether "possession and claim of title" to land in controversy was so public or notorious in character as to justify presumption that plaintiffs had notice thereof, *held* not on weight of evidence.

6. **Appeal and error** ⬯1170(9)—**Failure to submit to party charge before giving it held harmless error.**

Error in failing to submit to party a charge before giving it as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, *held* harmless, within rule 62a of Courts of Civil Appeals, where charge was not subject to objections which party would have urged had it been submitted to him.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Action by Solomon Liddell and others against J. A. Gordon. Judgment for defendant, and plaintiffs appeal. Affirmed.

Allen & Baughn, of Paris, for appellants. W. F. Moore, of Paris, for appellee.

WILLSON, C. J. This suit was commenced by appellants against appellee April 11, 1919. It was to recover an undivided one-half interest in a tract of 66 acres of land in Lamar county and to partition the tract. Among other things, appellee set up the statute of limitations of five and ten years as a defense against the recovery sought by appellants.

The case has been before this court twice before (see 226 S. W. 459, and 241 S. W. 750), and before the Commission of Appeals once (see 254 S. W. 1098).

It was agreed at the last trial that Reuben and Lucinda Liddell were husband and wife, and that the land in controversy belonged to the community estate between them; and it appeared from the testimony that said Reuben and Lucinda were living on the land and using it as their home when Reuben died, about 1885, and that after his death Lucinda continued to live on it until 1908 or 1909, when, the dwelling house thereon having been destroyed by fire, she moved to and lived in a house situated on nearby land belonging to one Legate. She and Reuben had two children; a boy named Charley, and a girl named Cynthia. Charley died in 1889, leaving children surviving him. Those of his children who were alive when this suit was commenced and children of those who died before it was commenced were the plaintiffs in the court below and are appellants here.

George Liddell was the son of Cynthia, who died at a time not shown in the record. George, when a boy, and presumably on the death of his mother, began to live on the land with his grandfather and grandmother, and continued to live thereon with them until Reuben died in 1885, and then with Lucinda until she died in 1910.

At the trial appellee offered and the court admitted, as evidence an instrument dated March 28, 1902, and duly filed for record April 28, 1902, purporting to be a deed conveying the land from Lucinda to George. Appellants charged that the instrument was a forgery, but the jury found that it was not, on testimony which we hold warranted the finding.

Appellee also offered and the court admitted as evidence instruments as follows: (1) Deed from George Liddell, dated April 28, 1902, filed for record on the same day, conveying the land to Benjamine Graham in trust to secure indebtedness of George to the American Freehold Land Mortgage Company. (2) Deed from George Liddell, dated March 18, 1905, filed for record the same day, conveying the land to F. T. Gunn, in consideration of $207 paid by Gunn and his assumption of the payment of George's indebtedness to said mortgage company. (3) Deed from said F. T. Gunn, dated February 15, 1910, filed for record March 7, 1911, conveying the land back to George Liddell in

consideration of his three notes for $166.66 each and his undertaking again to pay his indebtedness to said mortgage company. (4) Deed from George Liddell, dated March 28, 1912, conveying the land to R. G. Patton in trust to secure the payment of said indebtedness to said mortgage company. (5) Instrument executed by said mortgage company, dated February 2, 1916, filed for record February 26, 1916, appointing T. M. Scott to act as trustee in the place of said Patton. (6) Deed from T. M. Scott, as substitute trustee, dated March 7, 1916, filed for record on the same day, conveying the land to D. H. Scott. (7) Deed from D. H. Scott, dated March 7, 1916, filed for record March 31, 1916, conveying the land to appellee.

It is apparent from what has been said that appellee acquired title to the undivided interest in the land owned by George and Lucinda, and that appellants, as heirs of Reuben, owned an undivided one-fourth interest in same, unless the statute of limitations had operated to divest title thereto out of them and vest it in appellee. The main contention on this appeal is that it did not sufficiently appear from the testimony that the statute had so operated, and therefore that the findings and judgment to the contrary were unauthorized.

The contention is not predicated so much, if at all, upon the view that the testimony did not warrant a finding that the possession of appellee and those whose title he had acquired was adverse to appellants' claim and had continued for the length of time prescribed by the statute, as it is on the view that it did not warrant a finding that appellants had notice that such possession was adverse to their claim of title and right to an interest in the land.

We have had no difficulty in reaching the conclusion that the testimony was amply sufficient to show that George Liddell was in actual possession of the land, cultivating, using, and claiming to own it from March 28, 1902, the date of Lucinda's deed to him, until March 16, 1905, when he conveyed it to F. T. Gunn; that Gunn was so in possession thereof, by George as his tenant, from the last-mentioned date to February 15, 1910, when he conveyed it back to George; and that thereafter George was again so in possession until March 7, 1916, when he, by the substitute trustee, conveyed it to D. H. Scott. Such possession, use, and claim by George and Gunn having continued so long before April 11, 1919, when the suit was commenced, warranted a finding that the title to appellants' undivided interest in the land vested in George, by force of the statute of limitations of ten years, before the trustee conveyed it to D. H. Scott, appellee's grantor, if it appeared that appellants had notice of such possession and claim by George and Gunn.

[1] Appellants and George and Gunn were tenants in common of the land; and the rule is that, notwithstanding one of such tenants had exclusive possession of the land, claiming it adversely to his cotenant, the statute of limitations does not begin to run against the latter until he has notice that the possession of the former is adverse to him. Simkins on Title by Limitation in Texas, p. 77 et seq.

[2, 3] There was no testimony showing, directly, that appellants knew that the possession and claim of George and Gunn to the land was adverse to them. It is held, however, that such notice may be shown by proving "such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse right." Phillipson v. Flynn, 83 Tex. 580, 19 S. W. 136; Carr v. Alexander (Tex. Civ. App.) 149 S. W. 218. The evidence relied upon by appellee to show such notice consisted of the testimony of witnesses that some of the appellants all the time, and others of them much of the time, after Lucinda conveyed the land to George, lived in the community in which it was situated; that after it was so conveyed to him George claimed the land as his own, mortgaged it to secure indebtedness he owed, and sold and conveyed it to Gunn by a deed duly recorded in the county where it was situated; that it was understood by the people generally residing in said community that the land belonged to George; and that it (the land) was generally known there as the "George Liddell Place." It being permissible, by testimony showing such facts, to prove notice to a tenant in common that his cotenant has repudiated the cotenancy and is claiming the entire tract in his own right, we cannot say that the jury in the instant case did not have a right to conclude that appellants had notice that the possession and claim of George and Gunn were adverse within the meaning of the statute.

[4] At the trial, besides the deeds of trust made by George above referred to, appellee offered and the court admitted as evidence mortgages given by George on crops grown or to be grown on the land in question for the years 1902 to 1904 and 1911 to 1916, inclusive. The court refused to give to the jury a special charge requested by appellants, which, had it been given, would have instructed them not to consider said instruments on the issue as to whether appellants had notice that George claimed title to all the property in controversy or not. Appellants complain of such refusal, insisting it was error which entitled them to a reversal of the judgment. The contention is overruled. It being permissible, as we have seen, to base a finding that a tenant in common had notice of his cotenant's repudiation of the cotenancy on "acts of unequivocal notoriety in the assertion of such adverse and hostile claim" (Phillipson v. Flynn, 83 Tex.

580, 19 S. W. 136), we think the jury had a right to consider the instruments as testimony in determining the question as to notice submitted to them.

[5, 6] Among the questions submitted to the jury was one stated as follows in the copy of the charge of the court submitted to appellants' counsel, to wit:

"If you find that prior to April 11, 1909, George Liddell or F. T. Gunn was in possession of the land claiming it adversely to the plaintiff, then, was such possession and claim of title to said land by said George Liddell or Frank T. Gunn so public or notorious in character that the plaintiff would be presumed to have notice thereof?"

Afterwards the court struck the words "would be presumed to have" from the concluding part of the question as submitted to counsel and added other words, so that said part as submitted to the jury was as follows:

' "Then was such possession and claim of title to said land by said George Liddell or Frank Gunn so public or notorious in character as to justify the presumption that the plaintiffs had notice thereof?"

Appellants insist it was error to submit the question as changed to the jury without first submitting it to their counsel, and insist, further, that the question as changed and submitted to the jury was on the weight of the evidence, in that thereby "the jury is virtually instructed and told that under the law it is presumed that the plaintiffs had notice of the claims of Gunn and George Liddell."

As we construe it, the effect of the question plainly was not to so instruct the jury. The purpose of the law (article 1971, Vernon's Statutes) in requiring the court's charge to be submitted to the respective parties to a suit before it is submitted to the jury is to give such parties an opportunity to present objections to it if they think it is incorrect or insufficient. If it appears that the charge is not subject to objections which a party would have urged to it had it been submitted to him, as is the case here, the error in failing to submit it to him we think ought to be treated as harmless within rule 62a for the government of Courts of Civil Appeals.

The judgment is affirmed.