## FRITZ v. HOWETH et al.    (No. 11824.)

Court of Civil Appeals of Texas. Fort Worth. June 11, 1927.

Rehearing Denied July 16, 1927.

1. Partition ⬿5—Evidence held to establish partition by parol, where after division neither tenant in common made claim to land occupied by other.

Evidence held to establish parol partition of land, where after oral agreement tenants in common erected division fence, one of tenants improved land and resided thereon, and for 12 years neither claimed interest in land occupied by other.

2. Tenancy in common ⬿15(10)—Evidence of 17 years' peaceful adverse occupation by former tenant in common claiming under parol partition held to establish title by limitation.

Evidence of peaceful and adverse occupation of land for 17 years by former tenant in common claiming under parol partition held to establish title by limitation.

3. Estoppel ⬿83(2)—Former tenant in common was not estopped, by misstating area of land claimed under parol partition, from asserting claim against purchasers with notice.

Former tenant in common claiming under parol partition all land beyond division fence was not estopped, by mistake in stating area, from asserting against purchasers of former cotenant's interest, with notice, his title to all land claimed.

4. Estoppel ⬿87—Purchasers with notice of former tenant in common's claim under parol partition held estopped to assert they were misled.

Purchasers with notice of former tenant in common's claim under parol partition to all land beyond division fence held estopped to assert they were misled into belief occupant did not claim entire land, irrespective of his statement before purchase inaccurately stating area.

5. Estoppel ⬿87—Purchasers from former tenant in common could not rely on parol partition as to part of land and reject it as to remainder.

Purchasers of land under one of former tenants in common could not rely upon prior parol partition between their grantor and the other tenant as to part of land and reject it as to remainder.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Trespass to try title by N. A. Howeth and another against D. C. Fritz. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

D. J. Brookreson, of Benjamin, and J. S. Kendall, of Munday, for appellant.

M. F. Billingsley, of Munday, and Mack & Mack, of Fort Worth, for appellees.

DUNKLIN, J. On September 11, 1907, G. C. Clay and J. S. McMahan purchased a tract of 92 acres of land out of the south part of the Charles B. Clough survey. The grantees were half-brothers. During the year 1908 they had a parol agreement of partition of the land between them and erected a fence upon the line agreed upon as the line of such division; Clay agreeing to take and hold as his property all the land north of that division line, and McMahan agreeing to take and hold as his property all the land south of that line. At the time of the partition, Clay was living on a 100-acre tract theretofore purchased by him out of the same survey lying north of and adjoining the 92 acres. Immediately after the partition, McMahan built his house and other im-

provements on the land lying south of the division fence, and he continued in peaceful and adverse possession of the land set apart to him in the partition agreement, residing in the house so erected by him until December, 1925, when he sold the same to D. C. Fritz. No deed was ever executed by Clay and McMahan of the partition of the land. Clay died November 4, 1920, and up to the time of his death he never claimed title to any part of the land south of the division fence agreed upon by and between him and McMahan as the division line between them, nor did McMahan claim title to any part of the land lying north of the division fence which was claimed and held exclusively by Clay. The administrator of the estate of G. C. Clay, deceased, by deed of conveyance sold to Bryant-Link Company 142 acres of land out of the Clough survey, which included the tract of 100 acres owned by Clay before the purchase by him and McMahan of the 92 acres noted above, and also Clay's interest in the latter tract.

By mesne conveyance from and under the Bryant-Link Company, N. A. Howeth and R. A. Howeth acquired title to the land so conveyed to that company, and they instituted this suit against D. C. Fritz in trespass to try title to recover 20.5 acres out of the 92 acres purchased by Clay and McMahan, as noted above. The tract sought to be recovered was a strip off of that portion of the 92 acres which had been set apart to McMahan by the partition agreement between him and Clay, and situated thereon were the house and other improvements which had been made by McMahan and occupied and used by him after the parol partition agreement between him and Clay. From a judgment in favor of plaintiffs, defendant, Fritz, has prosecuted this appeal.

In his answer, the defendant specially pleaded title to the land in controversy under and by virtue of the parol agreement of partition between Clay and McMahan, the erection of the division fence by those parties at the time, and the improvements made on the land in controversy by McMahan in good faith, relying on said partition agreement. The defendant also claimed title under the statute of limitation of ten years (Rev. St. 1925, art. 5510), under allegations that he had been in peaceful and adverse possession, having the land inclosed, and using and enjoying the possession thereof for that period of time.

In reply to those pleas, the plaintiffs filed a supplemental petition in which they challenged defendant's right to assert exclusive ownership of the property in controversy, by reason of the fact that the defendant and Mc-Mahan, and those claiming title under him, were tenants in common with Clay and those claiming under him, and that neither the defendant nor McMahan had ever given any notice to their cotenants of an adverse claim to the property in controversy. Plaintiffs also pleaded an estoppel against defendant to assert title to the property in controversy based on further allegations that before plaintiffs purchased their title, McMahan stated to them that he only claimed 50 acres of land out of the Clough survey. However, there were no allegations in plaintiff's supplemental petition to the effect that they were induced to purchase in reliance upon such alleged statement by McMahan. But no special exception was addressed to the plea of estoppel, based upon the absence of such allegation.

[1, 2] The facts recited above were established by uncontroverted proof, and we have reached the conclusion that the same showed title in the defendant, Fritz, to the land in controversy: First, by reason of the parol partition agreement between McMahan and Clay, followed with improvements made thereon by McMahan, in reliance upon that agreement, and the use and possession thereof by him, and the recognition by Clay of the title in McMahan thereto, and recognition by McMahan of title in Clay to the land set apart to him, for the period of time noted above; and, second, upon defendant's plea of limitation.

[3, 4] The plaintiffs' plea of estoppel was destroyed by their own testimony, to the effect that before their purchase McMahan informed them that the 92 acres originally purchased by him and Clay had been partitioned between them; that the division fence had been placed upon the line agreed upon; and that under said agreement of partition he claimed all the land lying south of that partition fence. Their further testimony, to the effect that McMahan informed them at the same time that he only owned 50 acres of land out of the Clough survey, was immaterial, since that was but a statement of McMahan's estimate of the acreage included in the land south of the partition fence. With admitted notice of McMahan's claim of title to all the land south of the partition fence, plaintiffs are in no position to assert that they were misled into believing that McMahan did not claim the land in controversy by the mere statement that he only owned 50 acres. Even if that statement had been accepted and relied upon it could not be construed as a disclaimer of title to the particular 20.5 acres in controversy rather than some other portion of the Clough survey.

[5] Furthermore, the plea of estoppel is based upon an implied recognition of the partition of the land between Clay and McMahan, since plaintiffs sued for full title to the 20.5 acres rather than for an undivided one-half interest therein. They could not recognize the partition as valid without ratifying it as a whole. Moreover, there was no proof offered to show that they relied upon the statement of McMahan that he only owned 150 acres of the land and were induced thereby to make the purchase from their grantors of any part of the Clough survey, which they paid therefor. As showing the

validity of the parol partition, see Scott v. Watson (Tex. Civ. App.) 167 S. W. 268; Harle v. Harle (Tex. Civ. App.) 166 S. W. 674; Crump v. Andress (Tex. Com. App.) 278 S. W. 422, and authorities there cited.

As supporting defendant's plea of limitation see Bowles v. Watson (Tex. Civ. App.) 245 S. W. 120; Liddell v. Gordon (Tex. Civ. App.) 270 S. W. 564; McBurney v. Knox (Tex. Com. App.) 273 S. W. 819.

For the reasons noted, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant, D. C. Fritz, for the land in controversy.