J. B. FARRIS et al., Appellants,

v.

NORTEX OIL & GAS CORPORATION, Appellee.

No. 16668.

Court of Civil Appeals of Texas.

Dallas.

May 20, 1966.

Rehearing Denied June 17, 1966.

Rain, Harrell & Emery, Dallas, for appellants.

Lyne, Klein & French, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Nortex Oil & Gas Corporation recovered a judgment in the district court against J. B. Farris, Guy Sterling, Paul Belding and Amelia Belding. Appellants bring this appeal. A brief statement of antecedent facts is essential to a proper understanding and disposition of the controlling point presented.

On February 10, 1961 Nortex Oil & Gas Corporation (hereinafter referred to as Nortex) purchased from Ebro Oil Company, Inc. (hereinafter referred to as Ebro), all of the assets of Ebro for a total consideration of $2,920,205.25. The assets of Ebro consisted primarily of oil, gas and mineral leasehold estates located in Gregg and Rusk Counties, Texas. As a part of the agreement between Ebro and Nortex it was agreed that within one year after the consummation of the purchase agreement Ebro would be dissolved and all of its assets would be distributed to its shareholders. In September of 1961, pursuant to the agreement, Ebro was dissolved and all of its assets distributed to its shareholders. Ebro has had no tangible assets since its dissolution.

On September 20, 1962 Nortex filed suit against Ebro in the 134th Judicial District Court of Dallas County, Texas styled, Nortex Oil & Gas Corporation v. Ebro Oil Company, Inc., in which Nortex alleged that it had learned that a number of the oil and gas wells located on the oil and gas leases which it had purchased from Ebro were illegally deviated from vertical to the extent that some of them were bottomed outside the respective leases on which they were drilled and that other wells located on such leases were merely "dummy wells wholly incapable of producing oil and/or gas." It sought a judgment for money damages for alleged misrepresentation. The case was tried before a jury which found special issues in favor of Ebro and against Nortex. However, the trial court granted a motion for new trial and thereafter, on February 28, 1964, based upon a stipulation, entered a judgment for Nortex against Ebro in the sum of $3,903,000.

On April 24, 1964 Nortex instituted the present case, originally styled, Nortex Oil & Gas Corporation v. W. E. Mitchell, Jr., et al., and being Cause No. 86,785 in the 68th District Court of Dallas County, Texas. This suit was against a number of former stockholders of Ebro, including appellants herein, and recovery was sought against them individually based upon the judgment of February 28, 1964 in favor of Nortex against Ebro in the 134th District Court. The trial court granted an interlocutory summary judgment in favor of Nortex against appellants as to liability and thereafter the issue of damages was determined and a final judgment rendered.

On August 24, 1964, and prior to the granting of the interlocutory summary

judgment against appellants, they filed their bill of review in the 134th Judicial District Court of Dallas County, Texas against Nortex seeking to vacate and set aside the said judgment of the 134th District Court of February 28, 1964 in favor of Nortex and against Ebro, and seeking to have Nortex' claim against Ebro set down for retrial on the merits.

On September 1, 1964, and prior to the rendition of the interlocutory summary judgment against appellants in the trial court, they filed a plea in abatement in which the trial court's attention was directed to the fact that a bill of review had been filed in the 134th District Court of Dallas County, Texas attacking the validity of the judgment which that court had entered in favor of Nortex against Ebro on February 28, 1964 and being the same judgment upon which Nortex relies in the instant case. Appellants sought to have the trial court abate further proceedings in the instant case pending final determination upon appellants' bill of review. The court overruled the plea in abatement.

In the bill of review the Judge of the 134th District Court of Dallas County, Texas granted Nortex a summary judgment from which judgment appellants perfected an appeal to the Court of Civil Appeals. The Court of Civil Appeals at Texarkana, on August 24, 1965, reversed and remanded the judgment of the 134th District Court, holding that pertinent issues of fact were presented in such action and that the same should be tried upon its merits. Farris v. Nortex Oil & Gas Corp., Tex.Civ.App., 393 S.W.2d 684. Thereafter the Supreme Court of Texas refused an application for writ of error in the case with the notation, "No reversible error".

■ Appellants' first point of error, complaining of the refusal of the trial court to stay further proceedings in this case pending the final determination of their bill of review, must be sustained. It is obvious from the record that the validity of the judgment against Ebro is the *sine qua*

*non* of appellee's cause of action against appellants in this action. In its brief appellee states that appellants are liable to appellee "as a judgment creditor" of Ebro. If the primary judgment fails appellants could not be liable because of such judgment. It must be observed that the bill of review is not an effort by appellants to set aside a judgment which had been rendered against them. Appellants were not parties to the suit of Nortex v. Ebro in which the basic judgment was obtained. Until Nortex brought suit against appellants seeking personal judgment against them, there was no cause for appellants to take any action in the prior suit. Appellants, not having been parties to the original suit, had no appeal from the judgment against Ebro, could not file a writ of error or seek any relief from the effect of the judgment in that case. Their sole remedy was the bill of review which they filed after being sued in this action. It has now been adjudicated finally that the bill of review should be tried and until a final judgment has been rendered in that case the present proceeding should be abated.

A similar situation was presented in Hopwood v. Phillips, Tex.Civ.App., 329 S.W.2d 459, where the Houston Court of Civil Appeals elected to hold the appeal in that court pending final determination of the bill of review. We believe the best interests of justice would be served by returning this case to the trial court to await such action that may be made necessary by the outcome of the bill of review in the 134th District Court.

■ In oral argument before this court the attorney for appellee attempts to evade the effect of the pending bill of review by contending that Nortex' cause of action against appellants was founded not only on the judgment but upon allegations of fraud. However, an examination of the record reveals that the allegations with reference to fraud and misrepresentation are identical with those which led to the rendition of the judgment now under attack by the bill

of review. Such being true, appellee's argument is without merit.

Since we have concluded that this cause be reversed and remanded to the trial court to await further proceedings in the light of the final disposition of the bill of review, it becomes unnecessary that we discuss or pass upon the remaining points advanced by appellants.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.