Avena J. MELLO, et al., Appellants,

v.

A.M.F. INCORPORATED, and B & B Engineering & Supply Co., Inc., Appellees.

No. 09–98–060 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 23, 1999.

Decided Dec. 30, 1999.

Rehearing Overruled Jan. 20, 2000.

Roxie Huffman Viator, Orange, for appellant.

Tori Levine, Brown McCarroll & Oaks Hartline, David T. Morice, Sean H. Higgins, Vial, Hamilton, Koch & Knox, LLP, Dallas, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice, (Assigned).

The statutory wrongful death beneficiaries of Avena J. Mello appeal from a summary judgment that they take nothing in this suit, a suit based upon allegations that Mello was exposed to asbestos while working as an insulator for B & B Engineering & Supply Co., Inc., which the appellants allege is wholly owned by A.M.F., Incorporated. In four issues on appeal, they urge that the trial court erred in granting summary judgment.

We affirm because the trial court did not err in granting summary judgment for the appellees.

The appellees moved for summary judgment based upon their contention that the appellants' claims are barred by limitations because they were first sued more than

---

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

two years after Mello's death. The appellants responded by urging that both appellees lacked the right to present a motion for summary judgment based upon limitations because their right to do business in Texas had been forfeited; and because it would be unfair to the appellants to require them to file a claim within three years of 1971, the year B & B ceased doing business, because neither B & B nor A.M.F. notified any of its past workers that B & B was going out of business and that they must file such a claim within three years in accordance with TEX. BUS. CORP. ACT ANN. art. § 7.12(D) (Vernon Supp.2000).

The movant for summary judgment under TEX.R. CIV. P. 166a(c) has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ As previously noted, this is a suit for wrongful death. A wrongful death suit must be brought within two years of the date of death. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon Supp.2000). Mello died on December 28, 1992. No suit was brought against either of the appellees until they were added as defendants in an amended petition in a pending lawsuit on April 7, 1997, more than four years after Mello's death. Therefore, the suit is barred by the statute of limitations.

■ The appellants insist that one or both of the appellees had no right to move for summary judgment because B & B was dissolved and had its corporate charter forfeited in 1971 and because A.M.F. had its certificate of authority to do business in Texas forfeited prior to this suit being brought. They note, however, that A.M.F. had its certificate of authority to do business in Texas reinstated prior to its bringing its motion for summary judgment.

■ A corporation whose corporate privileges have been forfeited is denied the right to sue or defend in a court of this state. TEX. TAX CODE ANN. § 171.252(1) (Vernon 1992). However, despite such clear language, the statute has historically been limited to prohibit defendants from bringing cross actions, not from merely defending lawsuits. *See Midwest Mechanical Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 752 (5th Cir. 1986); *Bryan v. Cleveland Sand & Gravel Co.*, 139 S.W.2d 612, 613 (Tex.Civ.App.— Beaumont 1940, writ refused). Also, when a corporation pays delinquent taxes and its corporate privileges are reinstated, the payment relates back and revives the corporate rights that were forfeited. *See Flameout Design and Fabrication, Inc. v. Pennzoil Caspian Corporation*, 994 S.W.2d 830, 839 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *G. Richard Goins Construction Company, Inc., v. S.B. McLaughlin Associates, Inc.*, 930 S.W.2d 124, 128 (Tex.App.—Tyler 1996, writ denied). We hold that the trial court did not err in considering the motions for summary judgment brought by B & B and A.M.F. We disagree with the appellants' contention that a motion for summary judgment based upon limitations is not included within the allowable defensive matters that a corporation whose right to do business has been forfeited is permitted to bring.

The appellants note that the court in *Midwest* determined that a motion for stay brought by a corporation whose right do business had been forfeited was a request for defensive relief. It did so hold, and that is the reason why it held that the corporation was not precluded from bringing the motion to stay. *Midwest*, 801 F.2d at 752–53.

■ The appellants also contend that B & B and A.M.F. should be denied sum-

mary judgment because the limitations period was tolled, pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1997). However, the appellants failed to present this issue in its response to the motion for summary judgment. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal of a summary judgment. TEX.R. CIV. P. 166a(c). Relying on the court's docket sheet, the appellants urge that they were granted leave by the trial court to supplement their evidence and authorities opposing summary judgment. The record does not support their assertion. While our copy of the docket sheet is difficult to read, it appears to merely state that the trial court had a hearing on the motion for summary judgment and took its ruling under advisement. It does not appear to state anywhere that the appellants were granted leave to supplement their evidence and authorities supporting summary judgment.

■ The appellants urge that their response concerning tolling was properly presented to the trial court within the time the trial court had plenary jurisdiction. They rely on TEX.R. CIV. P. 329b(e) and *Cavazos v. Cavazos*, 941 S.W.2d 211, 214 (Tex.App.—Corpus Christi 1996, writ denied). The appellants raised the tolling issue after the hearing on the motion for summary judgment, but before the trial court granted the motion. There is no dispute that the response was filed at a time when the trial court still retained jurisdiction. Both the rule and the case cited by the appellants relate to the extent of the trial court's plenary power, not to the timeliness of a response to a motion for summary judgment that is not filed until after the hearing on the motion. Where, as here, a response to a motion for summary judgment is filed late and the record does not reflect that the trial court granted leave to file it, we must presume that the trial court did not consider the response, and we may not consider it. *See*

*INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985); *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ The appellants suggest that the appellees' summary judgment proof is not competent. However, the summary judgment is based upon the date of Mello's death, as alleged in the appellants' petition, and the date that they first sued the appellees, a fact that is properly contained in the record.

■ The appellants insist that there are two material fact questions that preclude the granting of summary judgment. They first state that there is a material fact question as to whether the cause of action accrued as of the date of Mello's death or earlier. Inasmuch as an earlier accrual date would still mean that the appellants' claims against the appellees are barred by limitations, it is not a material fact issue.

The appellants also state that there is a material fact question concerning whether B & B maintained a properly-designated registered agent so as to toll the statute of limitations. As we have previously noted, the appellants did not timely raise an issue concerning the tolling of the statute of limitations. Consequently, any question that relates to a determination as to whether there was a tolling of the statute of limitations is not a material fact issue. We overrule the contentions presented by the appellants in their four issues on appeal.

The judgment is AFFIRMED.