Affirmed and Memorandum Opinion
filed May 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01168-CV



Guy J.
Schneider, Appellant 

v.

Harris County
Sheriff’s Department,  William M. Thomas, AND Mitchel Hatcher, Appellees 



On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 2007-40449



 

M E M O R A N D U M    O P I N I O N


Appellant, inmate Guy J. Schneider, appeals from the
trial court’s dismissal of his pro se lawsuit brought in forma
pauperis.  In three separate orders, the trial court dismissed all of
appellant’s claims against appellees the Harris County Sheriff’s Department
(the “Department”), William M. Thomas, and Mitchel Hatcher.  We affirm.

I.  BACKGROUND

On August 23, 2005, Harris County deputies responded with
a K-9 unit to a burglary in progress.  At the scene of the burglary, the K-9
followed a scent trail from the burglarized house to a nearby house shed. 
Deputies observed appellant hiding in the shed.  The deputies ordered appellant
out of the shed and to the ground, but he refused.  After repeated unanswered
requests, deputies released the K-9 to seize appellant.  A struggle ensued
between appellant and the K-9 and then between appellant and the deputies. 
Eventually, appellant was seized and arrested.  

On June 29, 2007, an incarcerated appellant filed a pro
se and in forma pauperis lawsuit against the Department, alleging
that his Fourth Amendment rights had been violated during the Department’s 2005
seizure efforts.  See 42 U.S.C. § 1983 (2006).  Appellant contended that
the Department had used excessive force to seize him:  deputies allegedly
struck appellant by hitting and kicking him in his head and needlessly ordered
the K-9 to attack him.  Appellant alleged that the Department’s use of excessive
force, causing appellant physical injury, violated the Fourth Amendment’s
prohibition against unreasonable seizures.  On August 21, 2007, appellant filed
a similar pro se lawsuit in federal court against the Department.  

On July 10, 2008, appellant amended his state
petition, adding Deputies William M. Thomas (“W. Thomas”), David A. Thomas (“D.
Thomas”), and Mitchel Hatcher.  The amended pleading also named “John Doe
Officers” as defendants.  On July 18, 2008, a citation was issued on appellant’s
first amended petition to the Department and Deputies W. Thomas, D. Thomas, and
Hatcher.  The Department was served with appellant’s amended petition on or
around July 21, 2008, Deputy W. Thomas was served on or around July 24, 2008, and
Hatcher was served on or around August 26, 2008.  D. Thomas was never served with
citation and the “John Doe Officers” were neither identified nor served. 

The Department and Deputies W. Thomas and Hatcher subsequently
filed dispositive motions:  the Department filed a motion to dismiss, and the
deputies filed separate motions for summary judgment.  In its motion to
dismiss, the Department sought dismissal on two grounds under the Texas Civil
Practice and Remedies Code: (1) appellant’s lawsuit was frivolous as defined
under section 14.003(a)(2); and (2) appellant failed to disclose previous pro
se lawsuits by affidavit with his petition pursuant to section 14.004.[1]  Deputies
W. Thomas and Hatcher filed separate summary judgment motions, similarly
alleging that (1) appellant’s 1983 claim was barred by the statute of
limitations, and (2) appellant failed to exercise due diligence in serving the
deputies with citation.  The trial court granted the three dispositive motions,
and appellant appealed.[2]

On appeal, appellant contends in unnumbered arguments
that the trial court erroneously granted the Department’s motion to dismiss and
the deputies’ motions for summary judgment.  

II.  The Department’s Motion to Dismiss:
DECLARATION 

OF
PREVIOUS PRO SE LITIGATION AND FRIVOLOUSNESS OF SUIT

Appellant challenges the trial court’s order granting
the Department’s motion to dismiss appellant’s pro se and in forma
pauperis lawsuit under chapter 14 of the Civil Practice and Remedies Code. 
We review a trial court’s dismissal of an action pursuant to chapter 14 under
an abuse-of-discretion standard.  Hickman v. Adams, 35 S.W.3d 120, 123
(Tex. App.—Houston [14th Dist.] 2000, no pet.); Clark v. Unit, 23 S.W.3d
420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  A trial court
abuses its discretion if it acts without reference to any guiding rules or
principles.  Hickman, 35 S.W.3d at 123.  

In its motion, the Department sought dismissal on the
grounds that (1) appellant’s in forma pauperis affidavit was deficient
under section 14.004 of the Civil and Practice and Remedies Code because it
failed to disclose his pro se litigation history; and (2) appellant’s
lawsuit was frivolous pursuant to section 14.003(a)(2) because the Department
lacked legal capacity to be sued and appellant had an identical suit pending in
federal court.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.003(a)–(b), 14.004 (Vernon 2002).  On appeal, appellant contends that he
complied with chapter 14 and that the Department did not lack legal capacity to
be sued.  

Prison inmates who file suits in Texas state courts pro
se seeking to proceed in forma pauperis must comply with numerous
procedural requirements set forth in chapter 14 of the Civil Practice and
Remedies Code.  Id. §§ 14.002, 14.004–.006.  Because appellant brought
the underlying lawsuit pro se and filed a request to proceed in forma
pauperis, he was required to fulfill the various procedural requirements
set forth in section 14.004.  See id. § 14.004.  Section 14.004
requires an inmate seeking to proceed in forma pauperis to file a
separate affidavit or declaration identifying all suits the inmate has previously
filed as a pro se plaintiff, describing the operative facts for which
relief was sought in each suit and stating the result of each suit.  Id.
§ 14.004(a).  The purpose of section 14.004 is to curb constant, often
duplicative, inmate litigation by requiring an inmate to notify the trial court
of previous litigation and the outcome.  Bell v. Tex. Dep’t of Criminal
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.]
1998, pet. denied).  Failure to fulfill the procedural requirements may result
in dismissal of an inmate’s action.  See id.  

Here, the record reveals that appellant did not
comply with section 14.004’s requirement of filing an affidavit with an
inmate’s pro se litigation history.  Because appellant undisputedly
failed to file an affidavit specifically identifying suits he had filed pro
se, the trial court did not abuse its discretion in dismissing the suit.  See
Clark, 23 S.W.3d at 422.  Furthermore, without appellant’s pro se
litigation history, the trial court was unable to consider whether appellant’s
current suit was substantially similar to a previous claim, or appellant’s
then-pending federal claim.  See id.  As such, we must assume that the
underlying suit is substantially similar to a previously filed suit by
appellant, and therefore frivolous.  See id. (holding that in the
absence of adequate affidavits, the trial court is to assume the suit is
substantially similar to previous suits and thus frivolous).   Accordingly, we
conclude that the trial court did not abuse its discretion in dismissing
appellant’s suit under the section 14.003 frivolous ground.  

  III.  THE DEPUTIES’ MOTIONS FOR SUMMARY JUDGMENT

Appellant also challenges the trial court’s orders
granting summary judgment in favor of Deputies W. Thomas and Hatcher.  We
review a trial court’s summary judgment de novo.  Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  A
summary judgment movant has the burden to show that no genuine issue of
material fact exists and that he is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548–49 (Tex. 1985).  In reviewing a summary judgment, we must consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of
all the evidence presented.  Goodyear Tire & Rubber Co. v. Mayes,
236 S.W.3d 754, 755–56 (Tex. 2007) (per curiam).  We must consider all the
evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the motion.  Id. at 756.  A defendant movant is entitled to summary
judgment if he either disproves at least one essential element of the
plaintiff’s causes of action or establishes all the elements of an affirmative
defense.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). When,
as here, the summary judgment order does not specify the grounds upon which the
summary judgment motion was granted, we will affirm the judgment if any of the
theories advanced in the motion is meritorious.  State Farm Fire & Cas.
Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).

Both deputies filed a motion for summary judgment, each
arguing that appellant’s 1983 claim was barred by the applicable statute of
limitations and that he failed to exercise due diligence in service of
process.  The statute of limitations in Texas on a section 1983 claim is two
years.  Li v. Univ. of Tex. Health Sci. Ctr. at Houston, 984 S.W.2d 647,
651 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); see also Tex.
Civ. Prac. & Rem. Code Ann. §16.003(a); Wallace v. Kato, 549 U.S.
384, 387–88 (2007) (holding that the statute of limitations for a § 1983 claim is
governed by the personal-injury tort statute of limitations of the state in
which the cause of action arose).  Generally, a cause of action accrues the
moment the plaintiff has a “complete and present cause of action.”  Wallace,
549 U.S. at 388.  

Here, appellant’s cause of action accrued when he allegedly
suffered physical injuries from his arrest, August 23, 2005.  It was therefore
incumbent on appellant to file suit against the deputies by August 23, 2007.  Appellant
did not add the deputies to his lawsuit until July 10, 2008, almost a year after
the statute of limitations had expired.  Consequently, failure to add the
deputies as defendants within the two year limitations period bars appellant’s
1983 suit, as a matter of law, against the deputies.[3]  See
Morrell v. Finke, 184 S.W.3d 257, 291 (Tex. App.—Fort Worth 2005, pet.
denied) (concluding that plaintiff could not assert a claim against defendants
who had been added to the lawsuit after expiration of limitations period); Mello
v. A.M.F., Inc., 7 S.W.3d 329, 331 (Tex. App.—Beaumont 1999, pet. denied)
(concluding that summary judgment was appropriate where defendants were added
in an amended petition after the statute of limitations had run); Muckelroy
v. Richardson Indep. Sch. Dist., 884 S.W.2d 825, 829–30 (Tex. App.—Dallas
1994, writ denied) (same).  Accordingly, we conclude that the trial court
properly granted summary judgment on appellant’s 1983 claims against the
deputies.  We overrule appellant’s second issue.[4]


Having overruled all of appellant’s arguments, we
affirm the trial court’s judgment.

                                                                                                                                                                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

 









[1]
See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(a)–(b), 14.004
(Vernon 2002).





[2]
Deputy D. Thomas and Officers John Doe, defendants in the underlying lawsuit,
were neither served nor appeared in the trial court.  Accordingly, they are not
parties to the instant appeal.





[3]
Appellant claims that he did not add the deputies until after the limitations
period expired because he was incarcerated, inhibiting his ability to identify
and add the deputies to the lawsuit.  However, incarceration is not a valid
reason for tolling the statute of limitations.  See Lerma v. Pecorino,
822 S.W.2d 831, 832 (Tex. App.—Houston [1st Dist.] 1992, no writ); see also
Tex. Civ. Prac. & Rem. Code § 16.001.  





[4]
Because Deputies W. Thomas and Hatcher were entitled to summary judgment on the
limitations ground, we need not address the alternate summary judgment ground—lack
of due diligence in service—raised by appellant in his second argument.  See
Tex. R. App. P. 47.1; see also Seureau v. ExxonMobil Corp.,
274 S.W.3d 206, 231 (Tex. App.—Houston [14th Dist.] 2008, no pet.).