**Reverse and Render; Opinion Filed January 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00235-CV

**DONICA GROUP, LP, Appellant**

**V.**

**THOMPSON EXCAVATING, INC. AND BRADLEY THOMPSON, INDIVIDUALLY AND AS FORMER SHAREHOLDER OF THOMPSON EXCAVATING, INC., Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13635**

## MEMORANDUM OPINION
Before Justices Schenck, Molberg, and Reichek
Opinion by Justice Schenck

Donica Group, L.P. ("Donica") sued appellee Thompson Excavating, Inc. ("TEI") for breach of contract and obtained a default judgment against it. Appellees TEI and Bradley Thompson, individually and as a former shareholder of TEI, filed a bill of review challenging the default judgment. The trial court granted summary judgment in favor of Thompson and TEI. For the reasons discussed below, we conclude the trial court lacked jurisdiction over this case. We reverse the trial court's judgment and render judgment denying TEI and Thompson's petition for equitable bill of review. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In July 2011, TEI's sole officer, shareholder, and director, Thompson allowed TEI to forfeit its charter.[1] In 2014, without having reinstated TEI's charter, Thompson entered into agreements with Donica representing himself as an agent of TEI.[2] In March 2017, Donica sued TEI for breach of contract. Donica served TEI's registered agent, Thompson, and when no answer was filed, Donica obtained a default judgment against TEI in June 2017. The following month, Donica filed suit against Thompson in Tarrant County. In that suit, Donica alleged TEI had forfeited its corporate charter in 2011, so Donica was seeking to collect the default judgment from Thompson as TEI's officer and director.[3]

In October 2017, TEI and Thompson, individually and as former shareholder of TEI, filed this bill of review, seeking to set aside the default judgment entered against TEI. TEI and Thompson moved for traditional summary judgment, arguing TEI had not existed since 2011 and thus could not have been served in the default judgment case such that the trial court never acquired personal jurisdiction over TEI. The motion sought to set aside the default judgment as void and to dismiss the underlying litigation for lack of jurisdiction. Donica responded, arguing Thompson had been served in the default judgment case and chose to ignore the citation and thus he and TEI were estopped from denying the corporate existence of TEI. The trial court signed an order granting Thompson and TEI's motion for summary judgment declaring the original judgment void and ordering it to be vacated.[4]

---

[1] TEI first filed its articles of incorporation in 1994. Prior to 2011, Thompson allowed TEI to forfeit its charter in 1997 and 2005, each time applying and obtaining reinstatement of its charter within a few months of forfeiting it.

[2] The record contains the following evidence Donica offered to show Thompson conducted business as TEI: bids submitted by Thompson using TEI's letterhead; agreements with Donica, signed by Thompson as President of TEI; a certificate of liability that showed TEI as the insured party; and invoices showing TEI to be the billing party.

[3] *See* TEX. TAX CODE ANN. § 171.255.

[4] The trial court's judgment included findings that TEI no longer existed as of 2011 and thus TEI was not properly served and the trial court lacked jurisdiction to enter the default judgment against TEI.

**DISCUSSION**

Donica raises ten issues on appeal. In its ninth issue, Donica argues the trial court erred in granting summary judgment, challenging how TEI could be regarded as existing for purposes of filing a suit seeking relief by bill of review and yet not existing for purposes of citation in the default judgment case.

Donica's argument—and the record on appeal—raise the issue of standing, which is a component of subject-matter jurisdiction, and which we review de novo. *See Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.—Dallas 2010, no pet.); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–46 (Tex. 1993) (appellate courts may review standing on own motion). Under Texas law, standing requires an examination of the following: whether the plaintiff was personally injured; whether the plaintiff's alleged injury is fairly traceable to the defendant's conduct; and whether the plaintiff's alleged injury is likely to be redressed by each form of requested relief. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012). To have standing to pursue a bill of review, a person generally must have been a party to the prior judgment or have had a then-existing interest or right that was prejudiced by the prior judgment. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010).

In their motion for summary judgment, Thompson and TEI argued TEI did not exist at the time Donica sued it for breach of contract and thus it could not have been served. Their motion relied on section 11.356(a) of the business organizations code, which provides that a terminated entity like TEI continues in existence for three years after its termination "only for purposes of prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity." *See* TEX. BUS. ORGS. CODE ANN. § 11.356(a). The record at trial established that TEI forfeited its charter pursuant to section 171.309 of the tax code on July 29,

2011.[5] An entity "the existence of which has been . . . forfeited pursuant to the tax code . . ." is a terminated entity. *See id.* § 11.001(4)(B).[6]

We question how a terminated entity may be injured, or have a then-existing interest or right that was prejudiced, by a default judgment entered against it. *See Fernandez*, 315 S.W.3d at 502. TEI and Thompson argue the general rule requires parties to the underlying default judgment be included as parties in a bill of review proceeding. We agree with this general rule. *See HSBC Bank USA, N.A. v. Watson*, 377 S.W.3d 766, 778 (Tex. App.—Dallas 2012, pet. dism'd). However, it does not follow that a terminated entity that did not exist in the underlying default proceeding could thereafter exist for purposes of filing a bill of review. TEI and Thompson cite to and only rely on decisions from other courts they use as supporting the principle that "a forfeited corporation can defend itself." *See Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 127–28 (Tex. App.—Fort Worth 2016, no pet.); *Cruse v. O'Quinn*, 273 S.W.3d 766, 770 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Mello v. A.M.F. Inc.*, 7 S.W.3d 329, 331 (Tex. App.—Beaumont 1999, pet. denied). However, none of these decisions from other appellate courts is controlling, and all are factually distinguishable as none involved a bill of review or even a collateral attack of a judgment. *See Chaudhry*, 501 S.W.3d at 127–28 (holding trial court erred by concluding corporation lacked capacity to assert counterclaims or defend against plaintiff's claims where corporation's right to transact business was forfeited after suit and reinstated before trial); *Cruse*, 273 S.W.3d at 770 (holding law firm's forfeiture of corporate charter did not strip it of its

---

[5] Section 171.309 of the tax code provides that the secretary of state may forfeit the charter, certificate, or registration of a taxable entity if the taxable entity does not revive its forfeited privileges within 120 days after the date the privileges were forfeited. *See* TEX. TAX CODE ANN. § 171.309(2).

[6] The tax code provides that if the corporate privileges of a corporation are forfeited under this subchapter, the corporation shall be denied the right to sue or defend in a court of this state. *See* TEX. TAX CODE ANN. § 171.252.

right to appeal); *Mello*, 7 S.W.3d at 331 (interpreting section 171.252 of tax code to limit defendants from bringing cross actions, not from merely defending lawsuits).

The record reflects—and the parties agree—that TEI forfeited its charter on July 29, 2011, and had not reinstated the charter as of March 15, 2017, when Donica filed its suit for breach of contract against TEI, nor had TEI's charter been reinstated when it and Thompson filed this bill of review. As a terminated entity, TEI no longer existed and could only have appeared as a party to bring suit within three years of its termination. *See* BUS. ORGS. § 11.356(a). We conclude TEI no longer existed and therefore could not have any then-existing interest or right that was prejudiced by a default judgment. *See Fernandez*, 315 S.W.3d at 502.

Accordingly, we conclude TEI lacked standing to file this bill of review and now turn to examine whether Thompson had standing.

Although Thompson was served as TEI's registered agent in the underlying suit, he was not named a party to the suit or mentioned in the default judgment. Thompson nevertheless argues he has standing in this suit because Donica brought a separate suit against him in Fort Worth in which Donica seeks to enforce the default judgment against him as a former officer of TEI. However, because that suit was not filed until after the default judgment was signed, any interest or injury Thompson describes is one that did not exist at the time of the underlying default judgment. *See Fernandez*, 315 S.W.3d at 502.

Thompson also argues that under a previous decision from this Court, *Farris v. Nortex Oil & Gas Corp.*, 404 S.W.2d 87, 89 (Tex. Civ. App.—Dallas 1966, writ ref'd n.r.e.), a bill of review is the proper procedure for a former stockholder to attack a judgment against a dissolved entity.

In *Farris*, this Court stated that where stockholders of a dissolved corporation were not parties to the judgment against the dissolved corporation, those stockholders could not directly appeal "or seek any relief from the effect of the judgment in that case," such that stockholders'

sole remedy was to file a bill of review. *See id.* However, in *Farris*, the dissolved corporation appeared and participated in the underlying judgment. *See id.* As a result, there was no doubt of jurisdiction in the original action and certainly no argument by the shareholders seeking to avoid personal liability on that account. *See id.*

All errors—other than jurisdictional deficiencies—render the judgment merely voidable and must generally be corrected on direct attack. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). Thus, while it was true in *Farris* that the sole remedy available to former stockholders who were not parties to the underlying judgment against a dissolved corporation was a bill of review, it is not true in this case where Thompson seeks to establish the judgment entered against TEI as void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012) ("It is well settled that a litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly."). Accordingly, we find *Farris* inapplicable here.

We conclude Thompson lacked standing to file this bill of review.

Because neither TEI nor Thompson had standing to file this bill of review, we conclude the trial court lacked jurisdiction to enter this judgment. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444–46.

## CONCLUSION

We reverse the trial court's judgment and render judgment denying TEI and Thompson's petition for bill of review and reinstate the prior judgment in favor of Donica.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

190235F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONICA GROUP, LP, Appellant

No. 05-19-00235-CV       V.

THOMPSON EXCAVATING, INC. AND
BRADLEY THOMPSON,
INDIVIDUALLY AND AS FORMER
SHAREHOLDER OF THOMPSON
EXCAVATING, INC., Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-13635.
Opinion delivered by Justice Schenck.
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, we **REVERSE** the judgment of the trial court and **RENDER** judgment denying THOMPSON EXCAVATING, INC. AND BRADLEY THOMPSON, INDIVIDUALLY AND AS FORMER SHAREHOLDER OF THOMPSON EXCAVATING, INC.'s petition for bill of review and reinstate the prior judgment in favor of DONICA GROUP, LP.

It is **ORDERED** that appellant DONICA GROUP, LP recover its costs of this appeal from appellee THOMPSON EXCAVATING, INC. AND BRADLEY THOMPSON, INDIVIDUALLY AND AS FORMER SHAREHOLDER OF THOMPSON EXCAVATING, INC.

Judgment entered this 6th day of January, 2020.