DIXON et al. v. HENDERSON et al.

No. 6739.

Court of Civil Appeals of Texas.

Texarkana.

April 22, 1954.

Gossett & Gossett, Henry O. Gossett, Longview, for appellants.

Smead & Harbour, Longview, for appellees.

WILLIAMS, Justice.

A deed executed by F. L. Dixon on March 9, 1925, filed for record October 7, 1930, purports to convey to M. B. Henderson in fee simple a 50-acre tract of land out of the P. P. Rains Survey in Gregg County, Texas, the tract here in controversy, with general warranty of title. The "premises" in this deed as to the grantors, reads: "That we, F. L. Dixon (commonly known as Phil Dixon) and wife Bettie Dixon." The latter did not sign or acknowledge the deed. She was the second wife of F. L. Dixon and owned no interest in the fee. A clause in this deed which immediately follows the field notes, reads: "It is intended herein to convey only such interest to which the undersigned are entitled out of the community estate of F. L. Dixon and his deceased wife Eliza Dixon." The tract of land was the community property of F. L. Dixon and his wife Eliza Dixon, who are the common source of title.

Appellants, Mattie Dixon, a feme sole, and others as later herein shown, the plaintiffs below, are all the heirs at law of Eliza Dixon, who died intestate January 22, 1917, and of F. L. Dixon, the father, who died intestate in July, 1927. Bettie who married F. L. Dixon in January, 1918, died intestate in June, 1931, without issue. Appellees M. B. Henderson, above named grantee, and his wife are the defendants in this suit filed January 21, 1953.

We are in accord with the trial court's conclusion of law, which litigants recognize, that they became tenants in common in the tract as of March 9, 1925, the date of execution and delivery of the deed. Plaintiffs alleged such co-tenancy and that such relationship "had peacefully continued through the years without any overt act in repudiation or assertion of any adverse claim hostile to plaintiffs' one-half interest, either by actual or constructive notice" until an oil and gas lease executed by defendants to Cargile and Flewellen was filed for record December 1, 1952. In their prayer they sought removal of cloud on title and for partition. Settlement was had on the lease, and Cargile and Flewellen were dismissed from the suit. This lease is not a part of this record, but we assume that it was filed for record December 1, 1952. Defendants asserted title under the ten year and twenty-five year statutes of limitation, articles 5510 and 5519a, R.C.S. of Texas, Vernon's Ann.Civ.St. arts. 5510, 5519a. Grounded on establishment of title under the ten year statute of limitation, art. 5510, supra, the judgment decreed that plaintiffs take nothing in this cause. Findings of fact and conclusions of law were filed.

The trial court's sixth conclusion of law which in all material elements embraces and includes the court's conclusions of law Nos. 4 and 7, and the 24th finding of fact, all of which are attacked under appellants' first three points and which constitute the heart of the issue on appeal, reads: "Subsequent to the date of accrual of their action and for more than ten years prior to the institution of this suit, Lillie Ann Pruitt, Artensie Coby, Lawrence H. (Hence) Dixon, Plez Dixon, Oliver Dixon, Tom Dixon and F. L. Dixon, Jr., either had actual knowledge of the fact that M. B. Henderson and his wife Gladys Henderson were claiming the property in controversy adverse to them, or in the absence of such actual knowledge, it is presumed that they had knowledge of such adverse claim because of the unequivocal notoriety of the adverse claim, possession, use and occupancy had and asserted by M. B. Henderson and his wife, Gladys."

The trial court's finding of fact No. 24, reads: "M. B. Henderson and wife, Gladys Henderson, have had and held peaceful and adverse possession of the tract in controversy, cultivating, using or enjoying the same for more than ten years after the cause of action, if any, of F. L. Dixon, Jr., Tom Dixon, Oliver Dixon, Lawrence H. (Hence) Dixon, Addie Dixon, Plez Dixon, Mattie Dixon, Artensie Coby, Levi Coby, Aron Pruitt and Lillie Ann Pruitt accrued and before the commencement of this suit."

The summary which follows represents the character of the evidence in support of

the court's extensive findings of fact upon which the conclusions of law were based.

Shortly after delivery of the deed in March, 1925, F. L. Dixon and Bettie, his wife, moved to another farm in the area. Henderson and wife then moved in and established their residence there. During the period of over 27 years that has elapsed, appellees completely fenced the tract and continuously maintained the fences; made improvements from time to time such as the construction of barns, outhouses and tenant houses. Shortly after moving on the tract, appellees rebuilt the home dwelling. They dug wells. They sold timber off of it. They sold gravel off of several areas in the tract from time to time to Gregg County and collected the proceeds from such sales. An instrument, styled "Lease and Mining Right" which appellees executed to Gregg County which dealt with the sale of gravel, sand and clay off of an acre, "same being at the old home place" on the tract, was recorded January 31, 1936, in the Gregg County deed records. Since the delivery of the deed appellees have cultivated, pastured and otherwise used and enjoyed the tract in its entirety each and every year. During the same period appellees have retained for themselves all rents, revenues and benefits arising out of the possession, use and occupancy of the tract each and every year. They paid the taxes for every year, but at times have been delinquent. Plaintiffs paid no taxes on the tract during the period.

Tom Dixon, a plaintiff, on the date of the deed, prior thereto and at all times subsequent thereto, was an inmate of a penitentiary in Minnesota, serving a life term. The testimony does not disclose the residence of F. L. Dixon, Jr., other than at some indefinite date he was in Minnesota. The other named plaintiffs during the period since 1925 have resided within the immediate vicinity of the tract and had actual knowledge of appellees' residence thereon and of the latters' use, cultivation and enjoyment of the tract. During the period that elapsed between the date of the deed in 1925 until this suit was filed in 1953 no plaintiff had ever received from or demanded of appellees any portion of any revenue derived from the use of the tract or from the sale of timber or gravel. They never made any demand on appellees prior to the suit of any claim to any part of the land nor raised any objections to appellees' exclusive use, occupancy and enjoyment of the tract. Four of the plaintiffs, namely, O. L. Dixon, L. H. Dixon, Artensie Coby and Lillie Ann Pruitt executed a power of attorney in January, 1931, forthwith filed for record, about 22 years prior to suit, wherein they authorized an attorney to clear title and sell certain mineral interests in the tract.

The testimony of various residents in the area corroborate appellees' long-continued use and occupancy of the tract as hereinabove mentioned. And according to them it was common knowledge in the community that the property in question belonged to M. B. Henderson and that since the date he acquired it, they had never heard of any person other than M. B. Henderson assert any type, kind or character of claim to any part of the tract until this suit was filed, and that to their knowledge no person had ever been in possession of or used any portion of the tract from and after 1925 except M. B. Henderson and his tenants.

 It was Henderson's testimony that he had claimed and asserted title to the whole tract continuously from the date he entered into possession and was unaware of the legal meaning of the limitation mentioned in the deed or that such clause was in it until shortly before suit. As a matter of law, though, he was charged with notice that only the interest of F. L. Dixon was so conveyed to him, namely, such interest the grantor was "entitled to out of the community estate of grantor and his deceased wife, Eliza," which was a one-half interest. Therefore as recognized by all litigants, appellees' entry under the terms of the deed created the relationship of co-tenancy with plaintiffs. No quarrel is to be picked to the observations made in 11 Tex.Jur. (Co-tenancy), sec. 29; Condra v. Grogan Mfg. Co., 149 Tex. 380, 233 S.W.2d 565, 569; 2 C.J. S., Adverse Possession, § 216, page 820, 1

Am.Jur., p. 823, which deal with presumptions in favor of continuation of a co-tenancy. The result of the application of above rule in the cited case or the decisions collated in above texts, turned upon the weight of the evidence involved in the respective cases.

■ In the instant case, appellees who were strangers to the title and who were unrelated either by blood or marriage to plaintiffs, have exclusively occupied the tract continuously for over twenty-seven years. During this period appellees have rendered the tract for taxes and paid same. The tract was not rendered for taxes by plaintiffs nor were any taxes paid by them during the period. Appellees have appropriated all revenues derived therefrom, and at no time during this period has any plaintiff demanded an accounting or any portion of the revenues. Appellees have resided in the new dwelling, with the tract enclosed by a completed fence. Such appropriation and use of the premises and payment of taxes began prior to appellees' recordation of the deed in 1930 and so continued for approximately twenty-two years after the latter date. Above reactions to the high points of the evidence together with the other evidence hereinabove detailed, sustain the findings of fact and conclusions of law, here attacked, that appellees' asserted claim under the ten year limitation title, art. 5510, supra, based on actual and constructive notice of repudiation of co-tenancy had ripened into title as against all plaintiffs. 3B, Tex.Jur. (Appeal and Error), secs. 934, 941; 41B Tex.Jur. (Trial), sec. 625; Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; Leverett v. Leverett, Tex. Civ.App., 59 S.W.2d 252; Seibert v. Markham, Tex.Civ.App., 116 S.W.2d 501, 502; Liddell v. Gordon, Tex.Civ.App., 270 S.W. 564; Payne v. Price, Tex.Civ.App., 203 S. W.2d 544; Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973; Carr v. Alexander, Tex.Civ.App., 149 S.W. 218, 221; Rae v. Baker, Tex.Civ.App., 38 S.W. 2d 366, 369, writ ref.; 2 C.J.S., Adverse Possession, §§ 221, 223, pages 829, 831, 834 and 836.

■ "It is not necessary that actual notice of an adverse holding and disseizin be brought home to a cotenant. Such notice may be constructive, and will be presumed to have been brought home to the cotenant when the adverse occupancy and claim of title is so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant out of possession; or the jury may rightfully presume such notice." Moore v. Knight, supra, 94 S.W.2d at page 1139; Rae v. Baker, supra, 38 S. W.2d at page 369; Liddell v. Gordon, supra, 270 S.W. at page 565.

The imprisonment of Tom Dixon in a Minnesota State prison in 1925 at the time the deed was delivered and his imprisonment ever since, would for the period involved toll the statute of limitation as asserted by appellees against him by reason of the provisions of article 5518, which reads: "If a person entitled to sue for the recovery of real property or make any defense founded on the title thereto, be at the time such title shall first descend or the adverse possession commence:

"1. A person, including a married woman, under twenty-one years of age, or

"2. In time of war, a person in the military or naval service of the United States; or

"3. A person of unsound mind, or

"4. A person imprisoned, the time during which such disability or status shall continue shall not be deemed any portion of the time limited for the commencement of such suit, or the making of such defense; and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title; provided, that notwithstanding a person may be or may have been laboring under any of the disabilities mentioned in this article one having the right of action for the recovery of any lands, tenements or hereditaments against another having peaceable and ad-

verse possession thereof, cultivating, using or enjoying same, shall institute his suit therefor within twenty-five years next after his cause of action shall have accrued and not thereafter." See also Art. 5535, R.C.S. of Texas.

 The court found the facts of imprisonment as here stated, but held in his third conclusion of law that "inasmuch as Tom Dixon did not plead his confinement in the penitentiary in avoidance to the statutes of limitation pleaded by the defendants; the same will not now, be considered as a defense to the statute." Appellants' third point which attack this conclusion of law is overruled. "It is the general rule in this state that when a defendant pleads limitation to a cause of action, it is incumbent upon the plaintiff to plead facts showing that he is within one of the exceptions to the statute." "Since no pleas of disability of any kind tolling the statutes of limitation were set up by appellants, they cannot now avail themselves of these defenses." Wixom v. Bowers, Tex.Civ.App., 152 S.W.2d 896, 902; 28 Tex.Jur. (Limitation of Actions), secs. 200, 201; and 115 A.L.R. p. 765, citing a host of decisions.

F. L. Dixon joined by his second wife, Bettie, under the terms of an instrument dated December 1, 1921, forthwith filed for record, conveyed one-half of the minerals under the tract to J. W. Falvey and C. H. Wicklund. This conveyance is not under attack and such vendees are not parties to this suit. The court concluded that this conveyance did not affect a severance of the remaining one-half of the minerals from the surface, to which we are in accord. "The deeds in question did not work a severance of appellants' interest into a mineral estate and a surface estate, and did not work a segregation of appellants' interest in the minerals from the surface estate." Thomas v. Southwestern Settlement & Development Co., 132 Tex. 413, 123 S.W. 2d 290, 291, 300; Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302. The observations hereinabove made as to the sufficiency of the evidence to support appellees' title un-

der the ten year statute of limitation will include the minerals that remained in the tract after above conveyance of 1921 was made, and appellants' fifth point is respectfully overruled. 31–A, Tex.Jur. (Oil & Gas), sec. 15; Thuss Oil and Gas, p. 30; Art. 5513, R.C.S. of Texas; Clements v. Texas Co., Tex.Civ.App., 273 S.W. 993, 1005.

The judgment is affirmed.