**Moises LERMA, Jr., Appellant,**

v.

**Vic PECORINO, Appellee.**

No. 01–91–00095–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 6, 1992.

Moises Lerma, Jr., Brazoria, for appellant.

Brian S. Ettinger, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

OPINION

TREVATHAN, Chief Justice.

This Court is asked to determine whether the trial court properly granted a summary judgment in a legal malpractice case. We find that it did and affirm the judgment.

Background

In May 1987, appellee, Vic Pecorino, was appointed by the 23rd District Court in Brazoria, County Texas to represent appellant, Moises Lerma Jr., in his criminal prosecution for the murder of a fellow inmate. Pecorino was also appointed as appellate counsel following Lerma's conviction for murder on May 17, 1987.

On March 29, 1990, nearly three years later, Lerma filed a legal malpractice action against Pecorino alleging that Pecorino negligently represented him in both his criminal prosecution and his appeal from the resulting conviction. Pecorino filed a motion for summary judgment alleging several grounds, one of which was that Lerma was precluded from bringing his legal malpractice action because the two-year statute of limitations had expired. The trial court, without expressly stating the grounds, granted Pecorino's motion on December 10, 1990.

In his sole point of error, Lerma asserts the trial court erred in granting summary judgment for Pecorino. Lerma did not file a response to Pecorino's motion for summary judgment, but complains on appeal the trial court erred in granting the summary judgment because there is a genuine issue of material fact with respect to the tolling of the two-year statute of limitations to file his legal malpractice action.

Summary judgment

### a. Standard of Review

In reviewing the granting of a motion for summary judgment, this Court will consider as true all the evidence that favors the non movant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). We will indulge every reasonable inference in favor of the non movant, and we will resolve all reasonable doubts in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752. If we determine that summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

Summary judgment is proper for a defendant if the defendant conclusively establishes all elements of his affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The movant must show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982).

### b. Statute of Limitations

Lerma argues Pecorino's summary judgment was improperly granted on the ground that the statute of limitations had expired to file his legal malpractice action. Lerma relies on section 16.001 of the Texas Civil Practice and Remedies Code, which provides for the tolling of the statute of limitations if a person is determined to be under a legal disability when his cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986). Lerma contends there is a genuine issue of material fact about whether he was under a legal disability because of his imprisonment. We disagree.

When a defendant pleads limitations to a cause of action, it is incumbent upon the plaintiff to plead facts showing that he is within one of the exceptions to the statute. *See Dixon v. Henderson,* 267 S.W.2d 869, 873 (Tex.Civ.App.—Texarkana 1954, writ ref'd n.r.e.). The relevant statute of limitations period in this case is two years. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). While Lerma's original petition alleged that he was incarcerated, he did not show that he was within one of the exceptions to section 16.003. Here, the exception would have been TEX.CIV.PRAC. & REM. CODE ANN. § 16.001(a)(2), (b) (Vernon 1986).

Until September 1, 1987, section 16.-001(a)(2) and (b) [1] suspended the running of the limitations period against persons under the legal disability of imprisonment. However, by amendment effective September 1, 1987, imprisonment was removed from the list of legal disabilities. Lerma admits his cause of action accrued on May 17, 1987, the date of his conviction. Although section 16.001(a)(2) and (b) suspended the limitations period from that date (May 17, 1987) until August 31, 1987, the limitations period began to run on September 1, 1987. Section 65 of the 1987 amendatory act provides: "A period of limitations that on August 31, 1987, was tolled under § 16.001 or 16.022, Civil Practice and Remedies Code, because the person entitled to bring the action was imprisoned, begins to run on the effective date of this Act." [2] Therefore, Lerma had only until September 1, 1989, to file his complaint. Lerma did not file his complaint until March 29, 1990.

Lerma relies on the savings clause of the amendatory act, which states that "[a] period of disability before the effective date of this Act during which a person was under a

---

1. Act of September 1, 1985, 69th Leg., R.S., ch. 959, 1985 Tex.Gen.Laws 3252, *amended by* Act of September 1, 1987, 70th Leg., R.S., ch. 1049, § 56, 1987 Tex.Gen.Laws 3539.

2. Act of September 1, 1985, 69th Leg., R.S., ch. 959, 1985 Tex.Gen.Laws 3252, *amended by* Act of September 1, 1987, 70th Leg., R.S., ch. 1049, § 65, 1987 Tex.Gen.Laws 3541.

legal disability because of imprisonment is not affected by this Act."[3] He interprets this provision to mean that the amendment does not apply to persons imprisoned before September 1, 1987. It is clear, however, that the provision only prevents the limitations period from running against persons imprisoned before September 1, 1987, until that date. *Henson–El v. D.C. Rogers*, 923 F.2d 51, 52 (5th Cir.1991).

Lerma's point of error is overruled.

The judgment of the trial court is affirmed.

3. Act of September 1, 1985, 69th Leg., R.S., ch. 959, 1985 Tex.Gen.Laws 3252, *amended by* Act of September 1, 1987, 70th Leg., R.S., ch. 1049, § 65(b), 1987 Tex.Gen.Laws 3541.