

NUMBER 13-11-00057-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAY ANTHONY BAILEY,                                                    Appellant,

v.

STANLEY G. SCHNEIDER,                                                  Appellee.

On appeal from the 23rd District Court
of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellant Ray Anthony Bailey, pro se, challenges the trial court's dismissal of his

suit against his former attorney, appellee Stanley G. Schneider. Bailey argues by four

issues that the trial court erred in granting Schneider's motion to dismiss. We affirm.

## I. BACKGROUND

Bailey is a prison inmate serving a thirty-year sentence for aggravated assault.

*See Bailey v. State*, 46 S.W.3d 487 (Tex. App.—Corpus Christi 2001, pet. ref'd) (affirming conviction). In 2001, Bailey retained Schneider to file a petition for writ of habeas corpus on his behalf under Texas Code of Criminal Procedure article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010). According to Bailey, Schneider filed the petition late.

In 2010, Bailey sued Schneider for "negligence, gross negligence and violation of rights and privileges secured by the Texas Constitution." Alleging that Schneider breached his duty to timely file the habeas corpus application, Bailey sought $5 million in compensatory damages and $250,000 in punitive damages. Schneider subsequently moved to dismiss the suit pursuant to section 14.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). Specifically, Schneider alleged that Bailey's claims are frivolous and malicious because they are barred by: (1) the applicable statute of limitations; (2) the doctrine of res judicata; and (3) the Texas Supreme Court's ruling in *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995) ("Plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise.").[1]

The trial court granted the motion on April 26, 2011 and rendered a final

---

[1] Schneider also alleged in his motion to dismiss that, in a 2004 malpractice suit filed against Schneider in Harris County, Bailey filed an affidavit of indigency in bad faith. According to Schneider, as a result of that bad faith affidavit, Bailey owes fees to the Fourteenth Court of Appeals. Schneider therefore requested that the trial court: (1) order Bailey to pay the fees owed to the Fourteenth Court of Appeals; and (2) order that, until Bailey makes that payment, Texas court clerks may not accept any claims by Bailey for filing without payment of costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.006, 14.011 (West 2002).

judgment dismissing Bailey's claims with prejudice.[2]  This appeal followed.

## II. DISCUSSION

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as the suit at bar, filed by inmates who declare themselves unable to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2002).  Section 14.003 authorizes a trial court to dismiss any claim in such a suit where the court finds that the claim is frivolous or malicious.  *Id.* § 14.003(a)(2).  The statute states that, in determining whether a claim is frivolous or malicious, the trial court may consider whether:

(1)   the claim's realistic chance of ultimate success is slight;

(2)   the claim has no arguable basis in law or in fact;

(3)   it is clear that the party cannot prove facts in support of the claim; or

(4)   the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).  A trial court may dismiss a chapter 14 suit as frivolous or malicious without affording the inmate notice, opportunity to be heard, or opportunity to amend the petition.  *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) (citing *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 155 (Tex. App.—Houston [14th Dist.] 1990, no writ)).

When a trial court dismisses an inmate's suit as frivolous or malicious, we review that ruling under an abuse of discretion standard.  *Jackson v. Tex. Dep't of Criminal Justice-Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet.

---

[2] The final judgment also included the findings and orders requested by Schneider as detailed above.  *See supra* n.1.

3

denied). To establish an abuse of discretion, Bailey must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case, or that the trial court acted without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 887 (Tex. App.—Corpus Christi 2003, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Because the trial court did not specify the grounds for dismissal, we will affirm the decision if any theory advanced in Schneider's motion to dismiss is meritorious. *See Walker v. Gonzales County Sheriff's Dep't,* 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Trigo v. Munoz*, 993 S.W.2d 419, 421 (Tex. App.—Corpus Christi 1999, pet. denied)).

By his first issue, Bailey contends that the trial court erred if it granted the motion to dismiss on the basis that his suit was barred by the applicable statute of limitations. We disagree. The period of limitations for legal malpractice claims is two years. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2010)). Limitations generally begins to run when the cause of action accrues, which means "when facts have come into existence that authorize a claimant to seek a judicial remedy." *Id.* (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)). Here, Bailey alleges in his suit that Schneider was negligent by filing the habeas corpus petition late, on March 19, 2003. Bailey did not file the underlying suit until February 9, 2010, almost seven years later. Bailey's imprisonment did not suspend the running of the limitations period. *See Lerma v. Pecorino*, 822 S.W.2d 831, 832 (Tex. App.—Houston [1st Dist.] 1992, no writ) (noting that, as of September 1, 1987, imprisonment was removed from the list of legal

4

disabilities that suspend the running of the limitations period); *see also Walton v. 203rd Dist. Court*, No. 05-06-01460-CV, 2007 Tex. App. LEXIS 2830, at *3 (Tex. App.—Dallas Apr. 13, 2007, no pet.) (mem. op.).  Moreover, there was no pending legal proceeding that would toll the running of the statute.  *See Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) ("[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted.").  Bailey's suit is barred by limitations.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

Because Bailey's claims have no arguable basis in law or in fact, we conclude that the trial court was within its discretion to dismiss the suit as frivolous.  *See id.* § 14.003(b)(2).  We overrule Bailey's first issue.[3]

### III. Conclusion

The judgment of the trial court is affirmed.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
18th day of August, 2011.

---

[3] In light of our conclusion that the trial court's judgment was proper on limitations grounds, we do not address Bailey's second and third issues, in which he contends that the trial court erred if it dismissed his suit on grounds that it was barred by res judicata or by *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995), respectively.  *See* Tex. R. App. P. 47.1.

By his fourth issue, Bailey appears to argue that the trial court erred in granting Schneider's requests for findings and orders related to the 2004 Harris County suit.  *See supra* n.1.  However, Bailey has not supported his fourth issue with a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record; accordingly, the issue is waived.  *See* Tex. R. App. P. 38.1(i).

5