

NUMBER 13-18-00287-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TV AZTECA, S.A.B. DE C.V.,
PUBLIMAX, S.A. DE C.V., AZTECA
INTERNATIONAL CORPORATION,
STATIONS GROUP, LLC,
NORTHSTAR MCALLEN LICENSE,
LLC AND PATRICIA CHAPOY,                                    Appellants,

v.

GLORIA DE LOS ANGELES
TREVINO RUIZ, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD, A.G.J.T., AND ARMANDO
ISMAEL GOMEZ MARTINEZ,                                     Appellees.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# OPINION

Before Chief Justice Contreras and Justices Benavides and Longoria

# Opinion by Justice Longoria

Appellants TV Azteca, S.A.B. de C.V., Publimax, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Northstar McAllen License, LLC, and Patricia Chapoy appeal from the district court's order denying appellants' motion to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code.  We affirm in part and reverse and remand in part.

## I. BACKGROUND

Appellee Gloria de los Angeles Trevino Ruiz (Trevi), a prominent Mexican recording artist, was arrested and jailed in Brazil and Mexico on sex-trafficking charges. After more than four years, Trevi was released in 2004 when her charges were dismissed. Trevi then moved with her family to McAllen, Texas.

On April 14, 2009, Trevi, individually and on behalf of her minor child, A.G.J.T., and appellee Armando Ismael Gomez Martinez, Trevi's husband, brought suit against appellants for defamation, libel per se, slander, defamation per se, business disparagement, civil conspiracy, and tortious interference with existing and prospective contracts and business relationships.  Appellees based their petition on allegations that "in late 2008 to early 2009" appellants "aired or caused to be aired television programming" which contained "several defamatory statements about [Trevi]."  Appellees alleged that appellants published and re-published "allegations from which [Trevi] had been exonerated."

Appellants TV Azteca, S.A.B. de C.V., Publimax, S.A. de C.V., and Chapoy (Mexican Azteca Parties) responded by filing special appearances in which they

contested personal jurisdiction.[1]   The remaining appellants, Azteca International Corporation, Stations Group, LLC, and Northstar McAllen License, LLC (U.S. Azteca Parties), filed answers and special exceptions.  After the filing of appellees' fourth amended petition, the Mexican Azteca Parties filed special exceptions.  The Mexican Azteca Parties and appellees entered into a Rule 11 agreement, that provided, inter alia, that the special exceptions would be withdrawn and that the appellees would file a fifth amended petition with more specificity.

Subsequently, appellees filed their fifth amended petition which identified twenty-two allegedly defamatory statements.  Appellants filed a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA).[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003.  The trial court denied the motion to dismiss.  This interlocutory appeal followed.

## II.   TCPA

By a single issue on appeal, appellants contend that the trial court erred in denying their TCPA motion to dismiss because (1) the TCPA applies to appellees' claims, and (2) appellants established their affirmative defense of limitations by a preponderance of the evidence.

## A.   Standard of Review and Applicable Law

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern.  *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015)

---

[1] The trial court denied the special appearances.  Both this Court and the Texas Supreme Court affirmed that ruling.  *See TV Azteca, S.A.B. de C.V. v. Ruiz*, 494 S.W.3d 109, 113 (Tex. App.—Corpus Christi–Edinburg 2014), *aff'd*, 490 S.W.3d 29, 35 (Tex. 2016).

[2] The Legislature amended the TCPA in June 2019.  See Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687.  However, the amendments to the TCPA apply only to an action filed on or after September 1, 2019.  This case was filed before September 1, 2019.  Thus, the 2019 amendments to the TCPA do not apply here, and the TCPA as it existed prior to September 1, 2019 is quoted in this opinion.

(orig. proceeding). Its purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *Id*. at 589 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.002). Thus, the TCPA provides a two-step process whereby a defendant who believes a lawsuit responds to his valid exercise of First Amendment rights may seek dismissal of the suit. *See id*. at 586–87. Under the first step, the movant bears the initial burden to show by a preponderance of the evidence that the plaintiff's claim is "based on, relates to, or is in response to" a defendant's exercise of the right of free speech, the right to petition, or the right of association. *Id*. at 586–87 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)). If the movant meets that burden, then under the second step, the burden shifts to the plaintiff to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id*. at 587 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). Additionally, subsection 27.005(d) requires a court to dismiss the legal action if "the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). In conducting this review, we review the pleadings and evidence in a light favorable to the nonmovant. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80–81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

## B.   Applicability of the TCPA

4

We first address whether the TCPA applies. Appellees contend that (1) the TCPA is inapplicable because the underlying litigation began prior to the TCPA's effective date and (2) the TCPA is inapplicable to the claims against the Mexican Azteca Parties because they are not U.S. citizens.

### 1. TCPA's Effective Date

The original petition was filed on April 14, 2009, prior to June 17, 2011, the effective date of the TCPA. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 Tex. Gen. Laws 960, 963 ("The change in law made by this Act applies only to a legal action filed on or after the effective date [June 17, 2011] of this Act. A legal action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose."); *Better Bus. Bureau of Metro. Dall., Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied). "Legal action" is defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6). The fourth amended petition, which for the first time contained fourteen specific alleged defamatory statements, was filed on May 2, 2017. On January 19, 2018, the fifth amended petition was filed and was the live pleading at the time the motion to dismiss was filed. In the fifth amended petition, appellees added descriptive information to each of the fourteen statements from the fourth amended

5

petition, including the author of the statement and where the statement was published, and also included eight additional statements that were not previously pleaded.[3]

While the original petition alleged defamation, libel per se, slander, defamation per se, business disparagement, civil conspiracy, and tortious interference with existing and prospective contracts and business relationships, it did not present any specific publication of any defamatory statement until the fourth amended petition. "Each distinct publication of a defamatory statement inflicts an independent injury from which a defamation cause of action may arise." *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied) (citing *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 394 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.); *Fisher v. Beach*, 671 S.W.2d 63, 67 (Tex. App.—Dallas 1984, no writ)). Accordingly, the fourth and fifth amended petitions, which were filed after the effective date of the TCPA and contained new, previously unpled defamatory statements, are subject to the TCPA. *See James v. Calkins*, 446 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (concluding that TCPA applied to claims against appellants, despite the fact that the suit was filed before TCPA's effective date, because appellants were first joined as defendants only after the effective date); *Better Bus. Bureau of Metro. Dall.*, 401 S.W.3d at 443 (same, noting that the TCPA's definition of "legal action" is "broad and evidences a legislative intent to treat any claim by any party on an individual and separate basis").

## 2. Applicability to Non-Citizens

---

[3] The parties are in agreement that statements 3-7, 10-11, 14-17, and 19-21 in the fifth amended petition were contained in the fourth amended petition. For ease of reference, we will refer to these as the fourteen previously pleaded statements.

Appellees also argue that the TCPA is inapplicable to the claims against the Mexican Azteca Parties because it is intended only to protect the First Amendment rights of citizens. *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) ("The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 ("The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.").

Appellees' argument is that as non-citizens, the Mexican Azteca Parties are not afforded the protection that the TCPA is intended to provide. Appellees rely on *Hoffman v. Bailey*, a federal district court case out of Louisiana, to support their argument. *See* 996 F.Supp.2d 477, 481 (E.D. La. 2014). In *Hoffman*, Louisiana residents brought a defamation suit against a citizen and resident of the United Kingdom, alleging that the U.K. resident sent an email to individuals in Louisiana containing a defamatory statement concerning the plaintiffs. *See id.* The U.K. resident defendant filed a motion to dismiss on numerous grounds, including under the Louisiana anti-SLAPP (Strategic Lawsuit Against Public Participation) statute. *Id.* at 487. The Louisiana court followed the approach as set forth in *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990):

> In *Verdugo-Urquidez*, the Supreme Court addressed the issue of whether aliens are entitled to protections of the United States Constitution. The Supreme Court refused to endorse the view that every constitutional provision applies wherever the United States Government exercises its power. Rather, after analyzing the text and history of the phrase "the people" as found in the First, Second, and Fourth Amendments, the Court concluded that "the people" protected by these amendments "refers to a class of persons who are part of a national community or who have

7

> otherwise developed sufficient connection with this country to be considered part of that community."
>
> The Supreme Court went on to acknowledge prior decisions in which it had afforded aliens certain constitutional rights. However, the Supreme Court found that these cases "establish only that aliens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country."

*Hoffman*, 996 F.Supp.2d at 488 (internal citations omitted). In *Hoffman*, the court found that the U.K. resident defendant had not established a sufficient connection with the United States to entitle him to First Amendment rights. *Id*. at 488–89.

Appellants argue, however, that this case is distinguishable from *Hoffman*. First, appellants contend that the TCPA, unlike the Louisiana anti-SLAPP statute, does not limit its protections to speech under the First Amendment, and that the TCPA "more expansively defines free speech." *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a) (If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.") *with* LA. CODE CIV. PROC. ANN. art. 971(A)(1) ("A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim."). Further, even if we were to find that the TCPA limits the protections to those of the United States Constitution or Texas Constitution, appellants argue that they would still be afforded the protections of the TCPA because the Texas Supreme Court has already found that the Mexican Azteca Parties have developed a sufficient connection with this

8

country when determining personal jurisdiction.  *See TV Azteca v. Ruiz*, 490 S.W.3d 29, 49–52 (Tex. 2016).

We agree with appellants that their connections with this country and Texas are more substantial than the minimal contact by the defendant in the *Hoffman* case.  Here, when determining personal jurisdiction over the Mexican Azteca Parties, the Texas Supreme Court held that the Mexican Azteca Parties made substantial contact with Texas and benefited from their contact and business efforts made in Texas.  *Id*. at 49.  As opposed to a single email sent by the defendant in *Hoffman*, here, the Mexican Azteca Parties were found to have taken specific and substantial actions to take advantage of intentionally targeting the Texas market with their broadcasts, physically "entered into" Texas to produce and promote their broadcasts, derived substantial revenue and other benefits by selling advertising to Texas businesses, and made substantial efforts to distribute their programs and increase their popularity in Texas.  *Id*. at 52.  Given the findings of the Texas Supreme Court, it is clear that the Mexican Azteca Parties have developed substantial connections to this country and to Texas and are therefore able to receive the constitutional protections provided by the TCPA.  *See id*.; *Verdugo-Urquidez*, 494 U.S. at 271.

## C.      Timeliness of the TCPA Motion to Dismiss

> A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action. The parties, upon mutual agreement, may extend the time to file a motion under this section or the court may extend the time to file a motion under this section on a showing of good cause.

Tex. Civ. Prac. & Rem. Code Ann. § 27.003.  Appellees argue that the motion to dismiss was untimely as to the fourteen previously pleaded statements that had been asserted in

9

the fourth amended petition. As noted, the fourth amended petition was filed on May 2, 2017; the fifth amended petition was filed on January 19, 2018; and the TCPA motion to dismiss was filed on February 28, 2018. The motion to dismiss asserted that the fifth amended petition contained new factual allegations regarding the fourteen previously pleaded statements. Therefore, according to appellants, the claims regarding each of the fourteen previously pleaded statements were newly raised in the fifth amended petition and their TCPA motion to dismiss was timely.

"Although an amended petition asserting claims based upon new factual allegations may reset a TCPA deadline as to the newly-added substance, the deadline for a TCPA motion is not reset when a plaintiff files an amended petition that adds no new claims and relies upon the same factual allegations underlying an original petition." *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (internal citations omitted). "Texas law treats each alleged defamatory publication as a single transaction with an independent inquiry." *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 587 (Tex. App.—Austin 2007, pet. denied).

Appellants argue that due to the addition in the fifth amended petition of the "identity of the person allegedly making the statement, the medium (that is, the book, television program, or tweet) containing the statement and the date of the publication," the fourteen previously pleaded statements from the fourth amended petition became new factual allegations, ultimately resetting the 60-day deadline for the filing of their TCPA motion to dismiss. We disagree. While we do not dispute that each of the twenty-one alleged defamatory statements are distinct transactions, the mere adding of additional information to the fourteen previously pleaded statements does not constitute new factual

10

allegations so as to restart the clock on appellants' TCPA motion to dismiss deadline. *See id*. The fourth amended petition contained fourteen statements alleged to have been published by defendants beginning in "2009 and later." Nothing added to these fourteen previously pleaded statements in the fifth amended petition would render them a new or distinct transaction or occurrence from that which was stated in the fourth amended petition. *See Jordan*, 510 S.W.3d at 198. Accordingly, appellants' TCPA motion to dismiss as to the fourteen previously pleaded statements was untimely, as it was filed more than sixty days after the fourth amended petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. As it relates to these fourteen previously pleaded statements, the trial court did not err in denying appellants' TCPA motion to dismiss. We overrule appellants' sole issue in part.

## D. Statute of Limitations

The fifth amended petition also included eight statements that were not previously pleaded in the fourth amended petition, and thus appellants' TCPA motion to dismiss was timely as to those statements. However, appellants only challenge the denial of their motion to dismiss with respect to seven of those statements, arguing that they are barred by the statute of limitations.[4] Having determined that the appellants' TCPA motion to dismiss was timely filed with respect to those seven statements, we now must first determine if those statements are based on, related to, or are in response to a defendant's exercise of the right of free speech, the right to petition, or the right of association. *In re Lipsky*, 460 S.W.3d at 586–87.

---

[4] The seven challenged statements in the fifth amended petition are statements 1-2, 8-9, 12-13, and 18. Appellants do not challenge statement 22 in the fifth amended petition, and we do not address that statement herein.

11

## 1.   Matter of Public Concern

"'Exercise of the right of free speech' means a communication made in connection with a matter of public concern."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3).  "'Matter of public concern' includes an issue related to:  (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace."  *Id*. § 27.001(7)(A)–(E).  Appellants argue that the alleged defamatory statements were made about a public figure as they were related to "an internationally famous Mexican pop star and entertainer."  Appellants further argue that the statements were related to alleged criminal activity involving the trafficking of minors and sexual relations with minors.  *See DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 852 (Tex. App.—Fort Worth 2018, no pet.) (communications or statements regarding the welfare of children are matters of public concern that involve the right to free speech under the TCPA).  Appellees do not dispute that these statements fall within the TCPA's purview as they relate to a matter of public concern.  Accordingly, we find that the alleged defamatory statements were based on, related to, or were in response to a defendant's exercise of the right of free speech.  *In re Lipsky*, 460 S.W.3d at 586–87 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)).

## 2.   Affirmative Defense

Appellants argue that the seven newly pleaded statements in the fifth amended petition are barred by a one-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) ("A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues.").  The seven statements were allegedly made or published between November

12

2008 and January 2015, thus the limitations period for the seven statements would have expired between November 2009 and January 2016.  *See id*. §§ 16.002(a), .003, .068. Appellees did not amend their petition until January 19, 2018, after the statute of limitations for all of the alleged actions had expired. Appellees argue that statements 1 and 2 relate back to the original petition, which was filed on April 14, 2009.[5]

> Under the relation-back doctrine, an original pleading tolls the statute of limitations for claims asserted in subsequent, amended pleadings as long as the amendments are not based on new, distinct, or different transactions or occurrences.  A "transaction" is defined as a set of facts that gives rise to the cause of action premised thereon.  Texas law treats each alleged defamatory publication as a single transaction with an independent injury.  The test is not whether the newly asserted claims are otherwise part of the same general course or pattern of conduct as those originally pled.

*Tex. Disposal Sys. Landfill, Inc.*, 219 S.W.3d at 587 (internal citations omitted). Statements 1 and 2 were published in November 2008 and January 2009, respectively. While the original petition did not provide the precise content of the specific alleged defamatory statements, appellees argue that the "Original Petition captured the gist of the pre-suit statements by putting Appellants on notice that they were being sued for conspiring to air 'television programming primarily produced by [Chapoy]' that was published 'in late 2008 or early 2009' and concerned 'allegations for which [Trevi] has been fully exonerated.'"  Relying on *Spring v. Walthall, Sachse & Pipes, Inc.*, No. 04-09-00474-CV, 2010 WL 2102988, at *3 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.), appellees contend that the earlier-filed original petition tolled the statute of limitations because the claims asserted in the later amended pleadings were not "based on new, distinct, or different transactions or occurrences."

---

[5] Appellees argue that statements 1 through 5 relate back to the original petition, however, because we have already determined that the appellants' motion to dismiss as it related to statements 3, 4, and 5 was untimely, we only address statements 1 and 2.

13

However, as previously stated, Texas law treats each alleged defamatory publication as a single, separate transaction with an independent injury. *See Tex. Disposal Sys. Landfill, Inc.*, 219 S.W.3d at 587 (citing *Akin*, 34 S.W.3d at 340). Under the relation-back doctrine, the test is not whether the appellants were generally put on notice of the defamation claim, but whether the amended pleading is based on "new, distinct, or different transactions or occurrences." *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 ("If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence."). Because statements 1 and 2 were not pleaded until the fifth amended petition, both statements are treated as a new, distinct, or different transaction or occurrence; they do not relate back to the original petition and are thus barred by the expired statute of limitations.

While appellees' response to appellants' argument does not specifically address statements 8, 9, 12, 13, or 18, appellants contend that these statements are also barred by the statute of limitations. Our reasoning as it relates to statements 1 and 2 applies to the remaining statements. Statements 8, 9, 12, 13, and 18 were published between June 2009 and January 2015; thus the limitations period for the remaining statements expired between June 2010 and January 2016. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.002(a), .068. Appellees did not file their fifth amended petition until January 19, 2018, after the statute of limitations for the remaining statements had expired.

14

Accordingly, appellants established by a preponderance of the evidence that the seven newly pleaded statements in the fifth amended petition are barred by the statute of limitations, and the trial court was required to dismiss the claims based on those statements. *See id.* § 27.005(d). We sustain appellants' sole issue as it relates to the seven newly pleaded statements in the fifth amended petition.

### III. APPELLEES' ADDITIONAL ARGUMENTS

Appellees further argue that appellants are requiring this Court to apply a heightened pleading standard in order to reverse the trial court's denial of the TCPA motion to dismiss. They also contend that the filing of the motion to dismiss itself was contrary to the parties' Rule 11 agreement. Lastly, in oral argument before this Court and in a letter brief filed after oral argument, appellees argue that the statute of limitations was tolled on any defamation claim brought by the minor child appellant.

### A. Special Exceptions

In making their argument regarding a heightened pleading standard, appellees direct this Court to *Aldous v. Bruss* to show that a defamation case need not describe specific statements in order to put a party on notice that they are being sued for defamation. 405 S.W.3d 847, 858 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The *Aldous* case involved the filing of special exceptions to a petition, asserting that the allegations in the petition were so general that there was no fair notice as to the claim against him. *Id*. at 852. The trial court denied the special exceptions and the Fourteenth Court of Appeals affirmed, finding that the general allegations in the petition were sufficient to place the defendant on notice that he was being sued for defamation and that

the plaintiff was not required to "notify [the defendant] of the specific statement(s) alleged to have been defamatory per se." *Id.* at 858.

In contrast, the appellants here are not appealing the special exceptions ruling in this case, but rather are arguing that the claims regarding the specifically alleged statements in the fifth amended petition are barred by the statute of limitations. Appellees appear to use *Aldous* to advance a relation-back argument; i.e., that because the appellants were on notice of the defamation claim since the filing of the original petition, the subsequently added specific statements relate back to that original petition and are therefore timely filed. We disagree with this contention. While *Aldous* certainly stands for the proposition that a party need not specify exact statements made in a defamation pleading in order to provide adequate notice to the defendant, it does not stand for the proposition that specific statements alleged to be defamatory in an amended petition are not newly added, separate occurrences with independent injury. Accordingly, we do not find this argument persuasive.

## B.    Rule 11 Agreement

The parties reached a Rule 11 agreement after the appellants filed special exceptions in response to the fourth amended petition. Appellees argue that, in this agreement, they reserved the right to amend their petition and appellants "reserv[ed] the right to file Special Exceptions to Plaintiff's Fifth Amended Petition." However, appellees note that "the Rule 11 agreement did not reserve any right for Appellants to file a Chapter 27 motion." Because appellants did not reserve the right specifically to file a TCPA motion, appellees argue the denial of the motion was proper as it was in contravention of the Rule 11 agreement.

16

Appellees do not support their contention with any citation to any legal authority or case law showing that appellants needed to specifically reserve the right to file their TCPA motion. *See* TEX. R. APP. P. 38.1(i). Additionally, we find no support for such a contention and therefore, we reject this argument. *See id*.; *see also ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 310 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (refusing to interpret silence in a Rule 11 agreement related to amending pleadings to be interpreted as restricting the abilities of the parties to amend their pleadings).

## C.      Tolling as to Minor's Claims

Appellees argued, in oral argument and by post-submission letter brief, that the statute of limitations should have been tolled for the defamation claims brought by the minor appellee, A.G.J.T. However, this argument was not raised at the trial court level, nor was it raised in appellees brief in this Court.

Appellees argue that because there were no findings of fact or conclusions of law issued by the trial court, we must affirm the trial court's ruling on any ground supported by the record, even if it was not raised as an argument set forth in appellees' brief. *See James Talcott, Inc. v. Valley Fed. Sav. & Loan Ass'n*, 611 S.W.2d 692, 694 (Tex. App.—Corpus Christi–Edinburg 1980, no writ).

Appellants respond that where a defendant pleads the affirmative defense of limitations, the plaintiff has a burden to "plead and prove that limitations has been tolled in some manner." Relying on *Crofton v. Amoco Chemical Co.*, No. 14-98-01412-CV, 1999 WL 1122999, at *7 (Tex. App.—Houston [14th Dist.] Dec. 9, 1999, pet. denied) (not designated for publication), appellants argue that appellees' tolling contention was waived because it was not raised before the trial court. In *Crofton*, the defendant moved for

17

summary judgment on the affirmative defense of limitations. *Id*. at *2. The summary judgment was granted and on appeal, appellants argued that limitations was tolled as to the minor plaintiff's claims. *Id*. at *7.

> Appellants claim the trial court erred in granting summary judgment against those who were twenty years and one day of age or younger on the date of the filing of this suit. A minor plaintiff's disability tolls the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001; *Hopkins v. Spring Indep. Sch. Dist.*, 706 S.W.2d 325, 326 (Tex. App.—Houston [14th Dist.] 1986), aff'd, 736 S.W.2d 617 (Tex. 1987). A matter in avoidance of the statute of limitations must be affirmatively pleaded or it is deemed waived. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (discovery rule); *Lerma v. Pecorino*, 822 S.W.2d 831, 832 (Tex. App—Houston [1st Dist.] 1992, no writ) (disability of imprisonment); *Dixon v. Henderson*, 267 S.W.2d 869, 873 (Tex. App.—Texarkana 1954, no writ) (disability of imprisonment). A review of appellants' third amended petition establishes that the legal disability was not pleaded in avoidance of the statute of limitations. At most, in the caption of the petition, certain plaintiffs are named as minors.

*Id*. The Court went on to find that the appellants waived the contention that the statute was tolled as to the minors. *Id*.

We find *Crofton* to be instructive. Here, the appellees did not raise the issue of tolling of limitations as to the minor's claims in any pleading, motion, or brief in the trial court. It was not until oral argument that appellees first raised the issue of tolling of the statute of limitations for the minor's claims. While, as in *Crofton*, the caption of the petition does state that there is a minor plaintiff, the record does not show that appellees raised a tolling argument in response to appellants' statute of limitations defense. Accordingly, the trial court could not have permissibly denied the TCPA motion to dismiss on grounds that limitations was tolled. *See Lerma v. Pecorino*, 822 S.W.2d 831, 832 (Tex. App.— Houston [1st Dist.] 1992, no writ) ("When a defendant pleads limitations to a cause of

action, it is incumbent upon the plaintiff to plead facts showing that he is within one of the exceptions to the statute."); *see also Crofton*, 1999 WL 1122999, at *7 (same).

## IV. Conclusion

The judgment of the trial court is affirmed in part and reversed in part as set forth herein.  This cause is remanded for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
9th day of January, 2020.